26 Pa. Commonwealth Ct. 315 (1976)
County of Washington, Michael R. Flynn, Frank Jones, Jr. and Edward M. Paluso, County Commissioners, The Pennsylvania State Association of County Commissioners, Petitioners
v.
Pennsylvania Labor Relations Board, Charles G. Sweet, Richard DiSalle, Alexander R. Curran, Thomas D. Gladden, Paul A. Simmons and George Kenneth Hanna, and Judges of the Court of Common Pleas of the 27th Judicial District, and Service Employees' International Union, Local 585, AFL-CIO, Respondents.
In the Matter of the Employees of Allegheny County.
Commonwealth of Pennsylvania ex rel. Edward J. Bradley (President Judge acting individually and on behalf of all the Judges of the Court of Common Pleas of Philadelphia County), Petitioner
v.
Pennsylvania Labor Relations Board and Raymond L. Scheib and Joseph J. Licastro and James H. Jones, Respondents.
Board of Judges, Court of Common Pleas of Bucks County, Seventh Judicial District of Pennsylvania, by its President Judge, Lawrence A. Monroe, Petitioner. In the Matter of the Employees of Bucks County Commissioners and Bucks County Register of Wills and Bucks County Commissioners and Bucks County Sheriff and Bucks County Commissioners and Bucks County Clerk of Courts and Bucks County Commissioners and Bucks County Prothonotary.
In the Matter of County of Bucks, George M. Metzger, G. Roger Bowers and Joseph F. Catania, County Commissioners, Petitioners
v.
Pennsylvania Labor Relations Board, Board of Judges of the Court of Common Pleas of Bucks County, *316 Seventh Judicial District, American Federation of State, County and Municipal Employees, District Council, 88 AFL-CIO, and Pennsylvania Social Services Union, Local 668, AFL-CIO, Respondents.
Roger M. Fischer, Register of Wills and Clerk of the Orphans' Court Division of the Court of Common Pleas of Erie County, Pennsylvania, Plaintiff
v.
Louis Rzymek, William O. Hill, Jr. and Leo P. Weir, Commissioners for the County of Erie, Pennsylvania, and American Federation of State, County and Municipal Employees, AFL-CIO, Defendants. Pennsylvania State Association of County Commissioners, Intervening Party Defendant.
Robert H. Chase, District Attorney, Erie County, Pennsylvania, Plaintiff
v.
Louis Rzymek, William O. Hill, Jr. and Leo P. Weir, Commissioners for the County of Erie, Pennsylvania, and American Federation of State, County and Municipal Employees, AFL-CIO, Defendants. Pennsylvania State Association of County Commissioners, Intervening Party Defendant.
Nos. 8 Tr. Dkt. 1975, 17 Tr. Dkt. 1975, 35 Tr. Dkt. 1975, 8 Tr. Dkt. 1976, and 9 Tr. Dkt. 1976.
Commonwealth Court of Pennsylvania.
Argued June 8, 1976.
September 10, 1976.
*318 Argued June 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER and BLATT. Judges KRAMER and ROGERS did not participate.
*319 James L. Crawford, Assistant Attorney General, with him James F. Wildeman, Assistant Attorney General, and Raymond W. Cromer, Assistant Attorney General, for Pennsylvania Labor Relations Board.
David S. Posner, for the Court of Common Pleas of the 27th Judicial District.
Warren H. Pyle, with him Angoff, Goldman, Manning, Pyle & Wanger; Louis B. Kushner; and Rothman, Gordon, Foreman and Groudine, for Service Employees International Union, Local 585, AFL-CIO.
Marvin Comisky, with him Alan C. Gershenson, Kenneth F. Kahn, and, of counsel, Blank, Rome, Klaus & Comisky, and Jonathan Vipond, III, for Administrative Office of the Pennsylvania Courts.
*320 Robert M. Crooks, for Board of Judges of the Seventh Judicial District, Bucks County, Pennsylvania.
Thomas H.M. Hough, Special Labor Counsel, with him Stephen Z. Zappala, County Solicitor, for County of Allegheny.
Richard Kirschner, with him Stephen C. Richman, Miriam L. Gafni, and Markowitz & Kirschner, for AFSCME, AFL-CIO.
Scott F. Zimmerman, with him James J. Restivo, Jr., and Reed, Smith, Shaw & McClay, for Court of Common Pleas of Allegheny County.
Warren M. Laddon, with him John G. Kruchko, for the Court of Common Pleas of Philadelphia County.
Morton Meyers, for Judges of the Court of Common Pleas of the 47th Judicial District.
Charles N. Sweet, with him John W. Donaghy, and, of counsel, Curtin and Heefner, for Bucks County Commissioners.
John M. McLaughlin, with him Paul F. Curry, and Knox, Graham, McLaughlin, Gornall and Sennett, Inc., for District Attorney for Erie County, Register of Wills and Clerk of the Orphans' Court of Erie County.
Warren W. Bentz, for Commissioners for the County of Erie.
Stephen J. Cabot and Edward H. Feege, with them Charles N. Sweet, Hayes and Feege, P.C., Curtin and Heefner, and Pechner, Dorfman, Wolffe & Rounick, for Pennsylvania Association of County Commissioners.
*321 OPINION BY PRESIDENT JUDGE BOWMAN, September 10, 1976:
In Sweet v. Pennsylvania Labor Relations Board, 12 Pa. Commonwealth Ct. 358, 316 A.2d 665 (1974), we held that for the purpose of collective bargaining pursuant to the Public Employe Relations Act (Act 195), Act of July 23, 1970, P.L. 563, as amended, 43 P.S. § 1101.101 et seq., the county commissioners are the sole public employer of the judges' personal staffs and the administrative and probation personnel of the Court of Common Pleas of Washington County; and that Act 195 is not violative of Article V, Section 1, of our Constitution. We added, however, that any collective bargaining agreement entered into between the public employer and court-related employees may not abrogate or alter existing statutory law authorizing judges or courts to employ particular personnel or otherwise prescribe their powers and duties. Three of our Judges (Judges CRUMLISH, JR., KRAMER and MENCER) dissented, being of the opinion that if Act 195 must be construed to mean that the county commissioners of a county are the sole public employer of court-related employees, then it is unconstitutional as an impermissible encroachment upon an independent judiciary.
On appeal, Sweet v. Pennsylvania Labor Relations Board, 457 Pa. 456, 322 A.2d 362 (1974), the Supreme Court reversed this Court. In doing so, as we understand its opinion, it concluded (1) that the determination of who is the particular employer or employers of a group of employees is not governed by Act 195 even though it may have raised certain considerations in this regard which were not envisioned prior to its passage, and (2) that the application of common law principles relating to the employer-employee relationship requires the Judges of the Court of Common Pleas of Washington County to be "at least an employer *322 of some of the employes included in the bargaining unit. . . ."[1] 457 Pa. at 462, 322 A.2d at 365. (Emphasis in original.) In so concluding, the Supreme Court declines to pass upon the constitutionality of Act 195. In a concurring opinion, Mr. Justice ROBERTS (Mr. Justice NIX joining therein) observed that Act 195 does not include within its scope persons appointed, directed or under the supervision of the judges of the various judicial districts or, if it does, Act 195 would then be unconstitutional.
In reversing this Court but declining to determine whether the Judges of Washington County are the sole or joint employers of at least some of the employees in the PLRB certified bargaining unit, the scenario was written for the litigation which followed and the present confusion, uncertainty and inconsistencies that exist throughout the judicial districts of the Commonwealth with respect to appropriate bargaining units, the identity of the public employer and the vitality and legality of innumerable collective bargaining agreements negotiated before and after Sweet.
Before us now are seven appeals or causes of action which were transferred to this Court by the Supreme Court after it assumed plenary jurisdiction of the cases because of disqualification for reasons of personal interest by the judges of the particular judicial *323 districts involved. At the suggestion of the Supreme Court, the cases were listed for argument at an argument session of this Court after a representative number of cases raising all possible issues had been so transferred.
Several appeals also raise, as do the two transferred causes of action, the issue of the public employer or public employers of row office employees.
Two events occurring after Sweet bear directly upon the appeals and causes of action now before us. On July 7, 1975, the Supreme Court rendered its opinion in Costigan v. Local 696, AFSCME, 462 Pa. 425, 341 A.2d 456 (1975). By complaint in equity, the Philadelphia register of wills sought to enjoin arbitration under a collective bargaining agreement entered into by his predecessor with the representative of a bargaining unit consisting of the employees of that office. In voiding the collective bargaining agreement as not authorized by Act 195, the Supreme Court concluded that the City of Philadelphia is a joint employer with the register of wills with respect to the employees of that office. It declined to pass upon a contention, advanced for the first time on appeal, that the Board of Judges of Philadelphia County is also a joint employer of the employees of that office. Finding persuasive Federal decisions on the subject of one or more employers of particular employees in the private sector for collective bargaining purposes, the Court said:
"In the instant case, no single entity controls all of the terms of the employment relationship. The Register of Wills is conceded by all parties to have the exclusive power to hire, fire, promote, and direct the work of the employees. The City of Philadelphia pays most of the employee salaries and other compensation costs of the office and exercises considerable control over the fringe benefits accorded the employees, *324 which include enrollment under the City's group life and health insurance plans and coverage by the City's pension plan. Thus the Register and the City each exercise independent control over important `conditions of the relation [which] are such that the process of collective bargaining may appropriately be utilized as contemplated by the Act,' and both must be deemed employers for purposes of the Act." Costigan, supra, 462 Pa. at 434-35, 341 A.2d at 461. (Footnote omitted.)
Also of significance as to all appeals and causes of action argued before us on June 8, 1976, except those relating to Philadelphia and Allegheny Counties, is the recent enactment into law by the General Assembly of Senate Bill No. 891, Pr. No. 1695. On June 18, 1976, the Governor vetoed this legislation. Notwithstanding this disapproval, the General Assembly decisively overrode the Governor's veto on June 29, 1976. This legislation is now Act No. 115 of 1976. It is an amendment to Section 1620 of The County Code, Act of August 9, 1955, P.L. 323, as amended, 16 P.S. § 1620, relating to counties of the third to eighth class. The section as so amended now provides in its entirety:
"Section 1620. Salaries and Compensation.  The salaries and compensation of county officers shall be as now or hereafter fixed by law. The salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created by this act for such purposes: Provided, however, That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected *325 or appointed county officers having any employment powers over the affected employes. The exercise of such responsibilities by the county commissioners shall in no way affect THE HIRING, DISCHARGING AND SUPERVISING rights and obligations with respect to such employes as may be vested in the judges or other county officers."[2]
The two causes of action before us on transfer[3] were originally filed before Sweet and Costigan. Most of the appeals before us are from final orders of the PLRB issued after Sweet but before Costigan. The impact of Sweet and Costigan on the issues raised in these cases was briefed and argued by all parties. However, since argument, Act No. 115 of 1976 was enacted. What impact, if any, this legislation has as to the issues raised in these cases is not before us at the present time. It is expressive, however, of the continuing uncertainty for all concerned in resolving the posture of court-related employees and their definitional scope with respect to Act 195.
We now consider each of the causes of action and appeals.

No. 8 T.D. 1975
This appeal is Sweet revisited involving the same ill-defined bargaining unit certification struck down by the Supreme Court in reversing this Court. After Sweet, the PLRB undertook reconsideration of its original certification (PERA-R-2209-W) of a petition for representation of a bargaining unit. In doing so, *326 it recognized the impact of Sweet upon numerous other prior PLRB certifications, and those pending before it. After hearing argument by parties directly involved in this certification and other interested parties, the PLRB on December 19, 1974, filed a "Final Order Pursuant to Opinion of the Supreme Court of Pennsylvania," in which it vacated its prior order of certification and dismissed the petition for certification. In the Final Order it elaborated at some length upon the various "court-related" and non-"court-related" employees in the prior certified unit, discussed its view of the opinion of the Supreme Court in Sweet and then made the following:

"CONCLUSIONS
. . . .
"1. That the Board of Judges of the 27th Judicial District is the Public Employer of all directly related employes of that District.
"2. That the County Commissioners and Row Officers are joint public employers of their respective row office employes.
"3. That the County Commissioners are the sole public employers of all non-court-related, non-row-office employes of the County, and of all employes of County Institution Districts where they exist.
"4. That the County Prison Board is the public employer of all county prison employes.
"5. That the aforementioned guidelines will be utilized in the disposition of the Washington County and related cases."
As appellants or appellees, as intervening appellants or appellees, as amicus curiae with leave to orally argue or by brief alone, virtually every arguable "public employer," including the Administrative Office of the Pennsylvania Courts, is represented in this appeal as are their "public employees" through their collective *327 bargaining representatives of the erstwhile certified bargaining unit.
As noted, the PLRB order from which this appeal was taken vacated a prior certification and dismissed the petition for representation. The "guidelines" of the order are, therefore, dicta, but as appears with respect to the other appeals now before us, the PLRB applied them in subsequent adjudications. As all appeals were heard at the same argument session and are considered and disposed of in this opinion, we believe it would be counterproductive in this appeal and others to resolve them upon the several collateral motions and supporting arguments which the order of the PLRB raises. Nor shall we recite the host of substantive issues on appeal as posed by the multiple litigants. They may properly be distilled into three issues.
Did the PLRB properly construe Sweet in concluding that the Judges of the 27th Judicial District (Washington County)[4] are sole employers of "all directly related employes of the judicial district"? We think not. To the contrary, our view of the test laid down in Sweet and as further refined in Costigan compels a conclusion that the Judges of the 27th Judicial District enjoy the status of joint employer with the county commissioners of Washington County for the purpose of Act 195 as to all "court-related" employees. Notwithstanding the multiple and protracted litigation under Act 195 as to the role of the judiciary as a public employer and the companion issue of an appropriate bargaining unit or subdivision thereof, we cannot, because of the record in this appeal, more precisely define a class of "court-related" employees.
*328 Applying the test of Sweet and Costigan[5] for the purpose of determining the role of the judges as an employer necessarily requires the same test to be applied in determination of what employees are "court-related." Limiting ourselves in this appeal to employees not employed in the row offices, it would seem that judges enjoy joint employer status of those employees as to whom, by statutory law or the needs of judicial administration, they have independent control over important conditions of the employer-employee relationship, which are the subject of collective bargaining under Act 195; such important conditions include "the right to select the employe, the power to discharge him, and the right to direct both the work to be done and the manner in which such work shall be done." Sweet, supra, 457 Pa. at 462, 322 A.2d at 365. That judges, as to such a class of employees, do not enjoy exclusive power and control over wages or salaries and fringe benefits is not only illustrative of the limited range of the class of employees comprising "court-related" employees, but also demands the conclusion that for purposes of Act 195, judges cannot logically be found to be the sole employer. Wholly lacking the power of the pocketbook, it is no answer for purposes of collective bargaining under Act 195 to say that under our Constitution our courts have the inherent rights and power to do such things as are reasonably necessary for the administration of justice as pronounced in Commonwealth ex rel. Carroll v. Tate, 442 Pa. 45, 274 A.2d 193 (1971) and Leahey v. Farrell, 362 Pa. 52, 66 A.2d 577 (1949). As well settled as is this principle, the reasonable needs of the judiciary for the administration of justice are not susceptible to ready solution and when resolved require *329 implementation by public officials possessing the power of the pocketbook. To assimilate this process into the collective bargaining process and the other requirements of Act 195 is an unrealistic, if not impossible, premise.
We conclude that the Judges of the 27th Judicial District are joint employers with the county commissioners of Washington County as to that class of employees who are "court-related" as defined above to the extent possible on the record before us.
Having determined that the county commissioners of Washington County enjoy joint employer status with the judges of the judicial district, does such a result render Act 195 unconstitutional as an impermissible or unwarranted interference with an independent judiciary? The Court Administrator, the judges of this district and other judges as amicus curiae strongly urge such a conclusion. We can add nothing of significance to what we said in Sweet when originally before us and at which time we erroneously held the county commissioners to be the sole employer. If our views there expressed as to the constitutional issue are correct, as we believe them to be, our present determination of the joint employer status enjoyed by the judges with the county commissioners cannot rationally change the result. We, therefore, reiterate our views as originally expressed that Act 195 does not violate the doctrine of separation of powers as expressed in our Constitution.
We also believe that we anticipated and answered in our first opinion in Sweet, arguments advanced in this appeal by the Court Administrator. What we therein said by way of dicta we reiterate here. While our 1968 Constitution clearly mandates a unification of our judicial system, it is simply not a reality at the present time. If and when the unified judicial system, through the Court Administrator, acquires independent *330 control over important conditions of the employer-employee relationship with "court-related" employees of the several judicial districts of the Commonwealth, then and only then can the issue of the unified judiciary as being the sole employer be tested, which in turn would possibly produce another result as to the constitutionality of Act 195 if otherwise declared unconstitutional as an impermissible or unwarranted intrusion upon its independence.
Advanced in this appeal, as well as in other appeals, is the argument that Act 195 does not include within its scope at least a subclass or limited group of "court-related" employees, some of whom are within the ill-defined bargaining unit for which the representation petition was originally filed, was certified by the PLRB and was subsequently dismissed by it. The genesis for this argument is probably the concurring opinion of Mr. Justice ROBERTS in Sweet (joined in by Mr. Justice NIX) who stated that in his opinion, Act 195 does not include within its scope persons appointed, directed or under the supervision of the judges of the various courts of the Commonwealth. To reach a contrary result, he observed, would render Act 195 unconstitutional as an impermissible intrusion upon the functioning of an independent judiciary.
It is not our role to agree or disagree with this view, but rather to apply the majority opinion as we understand it. As the majority declined to pass upon this constitutional issue, no impediment exists to our considering it.
We recognize the cardinal rule that a statute should be construed, if at all possible, to preserve its constitutionality. We cannot, however, construe Act 195 as not including or intending to include this limited class or subclass of court-related employees however narrowly defined. Section 301(2) of Act 195, 43 P.S. § 1101.301(2), defines "public employee" as any individual *331 employed by a "public employer" with certain exceptions not here relevant. "Public employer," in turn, is defined to mean "the Commonwealth of Pennsylvania, its political subdivisions including school districts and any officer, board, commission, agency, authority, or other instrumentality thereof. . . ." Section 301(1) of Act 195, 43 P.S. § 1101.301(1). Without more, it could readily be argued to preserve the constitutionality of Act 195 that the courts of Pennsylvania are not intended to be within its scope. We cannot ignore, however, substantive provisions of Act 195 which speak to and make special provisions relating to units of employees "directly involved with and necessary to the functioning of the courts of this Commonwealth. . . ."[6]
It is argued, however, that the language of these sections is intended to refer to row office employees having such a relationship with the functioning of the judicial system and, therefore, that these provisions are of no significance in determining the coverage of the Act in defining public employees as applied to a group or class of "court-related" employees who are not row office employees and who by statutory law are subject to hiring, firing and supervision of their duties and responsibilities by the courts or a judge thereof. While attractive as a means to solve the host of problems otherwise posed in the application of Act 195 to such a group or class of "court-related" employees, we do not believe the legislature intended such a result. With equally inconclusive supporting statutory language, these same individuals enjoy the status of public employees for pension and retirement purposes, unemployment and workmen's compensation purposes and have traditionally enjoyed the status of *332 public employees for most, if not all, public employer-public employee purposes not addressed by legislative enactment. And the majority of the Supreme Court in Sweet at least implies, in stating the judges are at least a public employer of some of the public employees in the certified bargaining unit in issue, that the judges' personal staff and administrative and probation personnel are within the scope of Act 195.
We must conclude that Act 195 is intended to include all "court-related" employees, however narrowly defined, and, for reasons stated heretofore, Act 195 is not unconstitutional as an impermissible legislative intrusion upon an independent judiciary.

No. 17 T.D. 1975
Following the "guidelines" it had announced in its second Sweet adjudication, the PLRB on January 23, 1975, vacated a prior certification and dismissed the supporting petition for certification and three other pending petitions for want of the proper identity of the public employer of the sought for bargaining units. In doing so, it concluded that the
1. Board of Judges of the 5th Judicial District (Allegheny County) is the sole public employer of all employees "employed directly by the judges."[7]
2. The county commissioners and row officers are the joint public employers of their respective row office employees.
3. The county commissioners are the sole public employer of all "non-court-related, non-row-office employes of the County, and of all employes of County Institution Districts."
In the several petitions for certification, all of which had identified the county commissioners as the sole public employer, two petitions (PERA-R-2104-W *333 and PERA-R-2311-W) included persons whose job titles or classifications would indicate them to be within the most restricted or narrow definition of "court-related" employees.[8] The second of these two petitions sought a bargaining unit of probation officers. The other two petitions involved employees of the clerk of courts office and employees of the deeds registry unit, respectively.
Allegheny County, acting through its county commissioners, is the appellant here and attacks the PLRB adjudication as to its first and second conclusions. The judges, as intervenors below, support the PLRB adjudication as to its first conclusion. The PLRB in support of its adjudication issued prior to Costigan now also relies upon that decision to buttress its second conclusion that the county commissioners and the row officeholder are the joint employers of employees of a particular row office.
For the reasons stated in our discussion to No. 8 T.D. 1975, we agree with the PLRB in dismissing the petition in question but disagree with the reason assigned in its first conclusion. It ruled correctly in finding the public employer was not properly identified but erred in finding the judges to be the sole public employer. Rather, we find the court and the county commissioners to be joint public employers of a properly identified unit of "court-related" employees, or an appropriate subdivision thereof.
As to its second conclusion that the row officeholder and the county commissioners are joint public employers of the employees of the row office, we agree *334 as we are of the opinion that Costigan is controlling and fully dispositive of the issues raised in this appeal. The county commissioners, in their original brief, structure an argument, not raised in Costigan, that through the entity of the county, the county commissioners are the "coordinate" employers of the county regardless of varying indicia of employer-employee relationship enjoyed by the courts or its judges or by row officers with respect to "court-related" employees or employees of a particular row office.[9] Citing sundry statutory provisions as to the authority of a salary board to fix salaries (on which they enjoy majority control) and in adopting budgets with the commensurate power and duty to impose taxes or otherwise provide for revenues, they would have us conclude that these essential powers and functions must control over incidental powers and authority in the courts, its judges or in the row officers with respect to their employees.
In our opinion, the rationale of Costigan necessarily rejects this argument as to both "court-related" employees and row office employees. Costigan unequivocally adopts the employer-employee indicia test as originally suggested in Sweet.
Another argument advanced here and not discussed in Costigan asserts that the rights afforded to public employees and the collective bargaining process envisioned by Act 195 requires broad based bargaining units, i.e., county wide for all county employees, if the complexities attendant to multiple bargaining units are to be avoided. It cannot be gainsaid that for collective bargaining purposes the broader the unit the fewer the problems, which problems are further aggravated *335 where the implementation of a bargained agreement lies in the hands of public officials who are not necessarily the "public employer." However realistic this argument may be, it cannot find support in the provisions of Act 195. As evidenced by its provisions, Act 195 inherently contains this problem, for at the state government level and as to all local governments in which the legislative and executive power is exercised by different public officials, implementation of a bargained agreement is in the hands of public officials who are not the sole public employer or joint public employer. Recognition of the problem is also found in the provisions of Act 195 relating the timing of the collective bargaining process to the budget process.[10]
For the foregoing reasons, we conclude that the PLRB properly dismissed the instant petitions for representation but erred as a matter of law in the assigned reasons for doing so with respect to its first conclusion of law.

No. 35 T.D. 1975
This appeal is taken by the President Judge of the 1st Judicial District (Philadelphia County) individually and on behalf of its judges from a final order of the PLRB (Case No. PERA-R-5403-E) certifying the AFL-CIO as the exclusive bargaining agent of a unit comprised exclusively of court reporters. The 1st Judicial District is identified as the sole public employer. The bargaining agent is an intervening appellee and this is one of two appeals in which the Court Administrator has sought and was granted leave to appear amicus curiae and orally argue in support of appellant. The City of Philadelphia is not a party to *336 this appeal nor did it participate or seek to participate in the proceedings before the PLRB. The issue of whether the 1st Judicial District is properly denominated as the sole public employer by the PLRB in its certification is not before us in this appeal, which question, however, in some minds is inextricably associated with the basic issue of the constitutionality of Act 195 as applied to the judiciary and its "court-related" employees. There can be no question in this appeal, because of the narrow class or group of employees involved, that they are "court-related" in the most restricted definition of that term.
Arguments advanced in this appeal raise the same basic issues with respect to "court-related" employees as raised in No. 8 T.D. 1975 although more sharply focused because of the definitive and limited class of employees (court reporters) and the absence of an attack upon the status of the 1st Judicial District as the sole public employer. Here appellant and amicus curiae reiterate their contention that a judicial district whether identified as such or as a court or its judges is not a public employer within the meaning of Section 301 of Act 195, for to otherwise construe the statute would constitute an impermissible intrusion upon an independent judiciary.
We cannot agree. In addition to the reasons heretofore expressed, we add that in our original opinion in Sweet this Court was unanimous in concluding that Act 195 was intended to apply to court-related employees as public employees. We differed as to the proper identity of the public employer of such public employees and the constitutionality of Act 195 as to such employees, depending upon the identity of the public employer. Here, the uncontested sole public employer, properly or improperly, is identified as the 1st Judicial District. If, in such a case, Act 195 is considered to be unconstitutional as applied to court-related *337 employees, then the judiciary has put itself above the statutory law on all subjects affording to public employees generally rights and benefits not otherwise enjoyed in a common law employer-employee relationship. We cannot subscribe to such a theory.
Nor are we persuaded that a judicial district or court cannot be considered to be a public employer within the meaning of Act 195 simply because an executive branch administrative agency has certain duties to perform and powers to exercise under the statute. The independence of the judiciary and its ultimate authority are adequately preserved by the right to judicial review affored to those who question the actions of the PLRB.
Equally unpersuasive is the asserted impediment to the power and independence of the judiciary postured in the collective bargaining procedures and binding arbitration provisions of Act 195. The collective bargaining procedures do not mandate a collective bargaining agreement. If the binding arbitration provisions of Section 805 as applicable to "units of employes directly involved with and necessary to the functioning of the courts" are applicable to "court-related" employees, and are found, in a given case, to interfere with the proper functioning of the judicial system, then those provisions, and not the applicability of the statute in its entirety as applied to the judicial system, may be declared unconstitutional.
For these reasons and those previously stated we affirm the certification of the PLRB in this appeal.[11]

No. 8 T.D. 1976
This appeal, as do most of the others before us, suffers procedural infirmities in that it is questionable *338 whether the issue on appeal as framed in the alternative is properly before us. As presented, appellant would appear to raise the novel issue of whether the Court of Common Pleas of Bucks County (7th Judicial District) is a tripartite public employer of persons employed in four row offices of the county. But appellant seems to argue in the alternative that one or the other of the designated joint public employers (the row officer and the county commissioners) must be erased and appellant proclaimed in his or their stead to be a joint public employer.
In four proceedings on petitions for certification involving employees of the office of the register of wills (PERA-R-6852-E), the sheriff's office (PERA-R-6853-E), the clerk of courts office (PERA-R-6854-E), and prothonotary's office (PERA-R-6855-E), the PLRB approved the petitions which encompassed all "full-time and regular part-time Clerical and Technical employes" and, in the case of the sheriff's office, also included full-time and regular part-time deputy sheriffs. In each case before the PLRB, the court asserted that it was a public employer and excepted to the PLRB conclusion that it was not a public employer. It did not, however, except to the PLRB conclusion that the respective row officer and the county commissioners are the joint public employers of the employees of the unit. What issue is thereby preserved for appeal?
In light of the holding in Costigan, which appellant seems to recognize as supporting the PLRB in declaring the row officer and the county commissioners to be joint public employers of the respective units, we restrict our review to whether the court must be declared an employer in these four cases, which necessarily endorses the concept that the number of public employers of a particular unit of public employees, while perhaps not limitless, may be as multiple as the *339 horizon of indicia of employer power, authority or control over public employees. Such a concept is far from fully explored.
Our reading of Sweet and Costigan does not compel a conclusion of public employer status to every one who in public sector employment enjoys some indicia of employer authority or control over a public employee or group of public employees. If more than one public official exercises "independent control over important `conditions of the relation [which] are such that the process of collective bargaining may appropriately be utilized,'" Costigan, supra, 462 Pa. at 434-35, 341 A.2d at 461, then they must be declared joint public employers. But where, as we deem to be the case with respect to row office employees, the public employees are performing functions for the courts, which functions are not functions of the courts, we are of the opinion that the degree of control over them by the court, while real, is not sufficient to give the court public employer status as to such public employees.
Therefore, we shall affirm the PLRB in the four certifications involved in this appeal.

No. 9 T.D. 1976
This is an appeal by the county commissioners of Bucks County from a final order of the PLRB making absolute a nisi order of certification of two units of employees (professional and nonprofessional) comprised of all full-time and regular part-time tipstaffs, criers, court clerks, court stenographers, clerical and technical employees including bookkeepers and clerk stenographers, probation and parole employees including juvenile probation officers, juvenile probation officer interns, adult probation officers, and domestic relations officers.
The Court of Common Pleas of Bucks County (7th Judicial District) was the designated sole employer of *340 the public employees of these two units. Appellees are the court, the two unions representing the respective professional and nonprofessional units and the PLRB.
For reasons heretofore stated, we reverse the PLRB. The county commissioners and the court are, in our opinion, joint public employers of the two units involved, and in so concluding, we do not believe the result impairs the constitutionality of Act 195.

No. 23 T.D. 1973

No. 24 T.D. 1973
These cases are causes of action in equity and for declaratory judgment initiated in Erie County and transferred to this Court by the Supreme Court after it assumed plenary jurisdiction. They are actions by the register of wills and the district attorney, respectively, against the county commissioners of that county and the collective bargaining representative of units of employees in the respective row offices. The Pennsylvania State Association of County Commissioners is an intervening party defendant. After transfer to this Court, further pleadings postured the cases for argument on motions for summary judgment in equity and on petitions and answers as to the counts seeking declaratory judgment relief.
In the meanwhile, Costigan was handed down, which the parties agree is controlling of the fundamental issue raised, i.e., whether the row officer also enjoyed joint employer status with the county commissioners. We agree, and as previously stated, we view Costigan as mandating as to each row officer in all counties the status of joint employer as to the employees of a particular row office. Inasmuch as the disputed collective bargaining agreement originally entered into between the union representative and county commissioners recognized the commissioners *341 as the sole public employer, it was an invalid agreement. However, a subsequent agreement presently is in force, which was bargained and entered into by both the county commissioners and the respective row officers as public employers assertedly only as "an accommodation." Nonetheless, we cannot declare it to be unlawful. Arguments raised as to the power and authority afforded by statute to the particular row officer over his employees and assertedly not recognized in the current contract cannot now be raised by the row officer as a party to the agreement which he now would have us declare to be unlawful. Whether he participated in the execution of the contract as an accommodation or otherwise, he cannot now be heard to say any employer rights or power reserved to him by statute were not bargained and resolved in the collective bargaining process.
It would appear that the posture of these cases has preserved the issue of the role of the county salary board as a "public employer" potentially as joint employer with the county commissioners or the row officers or potentially as a tripartite public employer with the particular row officer and the county commissioners. We have declared and reiterate that the salary board of a county, where they exist by statute, is not an entity afforded the status of a public employer under Act 195. Elish v. Pennsylvania Labor Relations Board, 12 Pa. Commonwealth Ct. 373, 316 A.2d 672 (1974). Moreover, as to row officers and their employees, the constituency of the salary board is coextensive with the joint public employers of row office employees as declared in Costigan.
Plaintiffs' motions for summary judgment and for declaratory relief upon their respective petitions must be denied.
In each appeal and cause of action we shall enter separate appropriate Orders.

*342 ORDER
Now, September 10, 1976, the final order of the Pennsylvania Labor Relations Board vacating a prior certification of a bargaining unit comprised of all directly related court employees but which proposed unit, however, also included employees of certain row offices of the County of Washington and in which petition the county commissioners of the county were identified as the sole public employer of all of said employees, is hereby affirmed, but the first conclusion of law of the Board in support of its action is hereby disapproved for the reason that the Judges of the 27th Judicial District (Washington County) are joint employers with the county commissioners of all "directly related employees" of the judicial district.

ORDER
Now, September 10, 1976, the final order of the Pennsylvania Labor Relations Board vacating a prior certification of a bargaining unit and dismissing the petition for certification, which unit was comprised of persons directly employed by the Judges of the 5th Judicial District (Allegheny County) (PERA-R-2104-W), and dismissing petitions for representation of probation officers (PERA-R-2311-W) and dismissing petitions for representation of employees of the clerk of courts office and the deeds registry unit, all of which petitions identified the county commissioners of Allegheny County as the sole public employer, is hereby affirmed, but the first conclusion of law of the Board in support of its action is hereby disapproved for the reason that the Judges of the 5th Judicial District are joint employers with the county commissioners of persons directly employed by the judges of the judicial district.

*343 ORDER
Now, September 10, 1976, the final order of the Pennsylvania Labor Relations Board certifying a bargaining representative for a bargaining unit comprised exclusively of court reporters of the 1st Judicial District (Philadelphia County), in which the 1st Judicial District is identified as the sole public employer, is affirmed in its conclusions of law that Act 195 includes within its provisions court reporters of the 1st Judicial District and that Act 195 is not thereby rendered unconstitutional as an impermissible interference with an independent judiciary. The final order of the Board, however, is disapproved in its conclusion of law that the 1st Judicial District is the sole public employer of court reporters, an issue not specifically before the Court in this appeal.

ORDER
Now, September 10, 1976, the final orders of the Pennsylvania Labor Relations Board in approving four petitions for certification involving employees of the office of the register of wills (PERA-R-6852-E), the sheriff's office (PERA-R-6853-E), the clerk of courts office (PERA-R-6854-E), and the prothonotary's office (PERA-R-6855-E), in which the particular row officers and the county commissioners of Bucks County were found to be the joint public employers of the respective row office employees, are hereby affirmed.

ORDER
Now, September 10, 1976, the final order of the Pennsylvania Labor Relations Board making absolute a nisi order of certification of two bargaining units of employees (professional and nonprofessional) comprised of persons employed by the Court of Common *344 Pleas of Bucks County (7th Judicial District) and identified by job titles or classification and in which petitions the Court of Common Pleas of Bucks County is identified as the sole public employer, is hereby reversed and the petitions for representation are hereby set aside.

ORDER
Now, September 10, 1976, plaintiff's motion for summary judgment is denied and plaintiff's complaint in equity is hereby dismissed. Plaintiff's petition for declaratory judgment is denied.

ORDER
Now, September 10, 1976, plaintiff's motion for summary judgment is denied and plaintiff's complaint in equity is hereby dismissed. Plaintiff's petition for declaratory judgment is denied.
CONCURRING AND DISSENTING OPINION BY JUDGE MENCER:
My basic views on the difficult questions raised by these appeals are set forth in detail in my dissenting opinion filed in Sweet v. Pennsylvania Labor Relations Board, 12 Pa. Commonwealth Ct. 358, 316 A.2d 665 (1974). I will refrain from repeating what I wrote there but would urge the reader of this opinion to read that dissent as a prelude to my position in these appeals. The joint-employer concept for which I argued in that dissent[1] was subsequently utilized in Costigan *345 v. Local 696, AFSCME, 462 Pa. 425, 341 A.2d 456 (1975), and I believe has application here.
My principal disagreement with the majority opinion is its rejection of the county as the joint employer of court-related employes and the sole employer of all other county employes. The majority opinion concludes that the employer in those relationships is not the county but is the county commissioners. I continue to have no difficulty in concluding that the county is the public employer by definition under Section 301(1) of the Act of July 23, 1970 and by the application of tests developed under our case law for ascertaining the existence of an employer-employe relationship. See Sweet v. Pennsylvania Labor Relations Board, 457 Pa. 456, 322 A.2d 362 (1974). It is my understanding that in collective bargaining relative to the item of wages the county, who is the public employer, acts through its salary board in negotiations as to all employes. Accordingly, I dissented in Elish v. Pennsylvania Labor Relations Board, 12 Pa. Commonwealth Ct. 373, 316 A.2d 672 (1974).
Section 1620 of the Act of August 9, 1955, P.L. 323, as amended (County Code), 16 P.S. § 1620, provides that the salaries and compensation of all appointed officers and employes who are paid from the county treasury shall be fixed by the salary board created for such purposes.[2] Section 1622 of the County Code, 16 P.S. § 1622, provides that in each county a salary board shall consist of the three individual members of the board of county commissioners and the county controller in counties where there is a controller, or the county treasurer in counties where there is no controller. *346 In addition, Section 1625(a) of the County Code, 16 P.S. § 1625(a), provides that whenever the board shall consider the number or salaries of employes of any county officer or agency, such officer or the executive head of such agency shall sit as a member of the salary board. Section 1625(b) of the County Code, 16 P.S. § 1625(b), details the occasions when the president judge of the court shall sit as a member of the salary board. A similar provision, Section 1625(c) of the County Code, 16 P.S. § 1625(c), details the occasions when a judge of any court shall sit as a member of the salary board.
As the above references to the County Code indicate, the majority is in error when it concludes that as to row officers and their employes, "the constituency of the salary board is coextensive with the joint public employers of row office employees as declared in Costigan." Costigan dealt with the City of Philadelphia. The County Code, in creating salary boards, specifically provides membership to the county controller or in those counties not having a controller then to the county treasurer.
In the case of all employes who are not court related, I hold to the view that there is only one public employer, namely, the county. However, in the collective bargaining process the county must act through its salary board as to the item of wages and through the row officer on all other bargainable items relative to the employes of that row office. In the case of persons who are employed in the office of the county commissioners or otherwise directly under their supervision, e.g., maintenance personnel, the county commissioners act for the county as to all items subject to collective bargaining except the item of wages, which is negotiated on behalf of the county by the salary board.
*347 Although in the cases involving court-related employes I dissent as to the composition of the body representing the county as a joint employer with the judges, I do concur that a joint-employer ruling does not violate the doctrine of separation of powers as expressed in our Constitution. My dissent in Sweet v. Pennsylvania Labor Relations Board, 12 Pa. Commonwealth Ct. 358, 316 A.2d 665 (1974), stated that if the public employer of court-related employes were solely the county, acting through its county commissioners, then I would consider Act 195[3] unconstitutional.
Concerning the orders to be entered here, my position would be as follows:
No. 8 T.D. 1975 (County of Washington). I concur except as to the county commissioners' being a joint employer, to which concept I dissent. I would hold that the County of Washington, acting through its salary board, is a joint employer.
No. 17 T.D. 1975 (County of Allegheny). I concur except as to the county commissioners' being a joint employer, to which concept I dissent. I would hold that the County of Allegheny, acting through its salary board, is a joint employer.
No. 35 T.D. 1975 (County of Philadelphia). I concur.
No. 8 T.D. 1976 (County of Bucks). I dissent. It is my view that the County of Bucks is the sole public employer of the employes enumerated in the four petitions for certification here. However, I do hold to the view that as to the item of wages the collective bargaining with the County of Bucks must be with its salary board and on all other items subject to collective bargaining the row officer shall represent the public employer, County of Bucks, as to the employes in his office.
*348 No. 9 T.D. 1976 (County of Bucks). I concur in the result.
No. 23 T.D. 1973 (County of Erie). I concur in the result.
No. 24 T.D. 1973 (County of Erie). I concur in the result.
Judge CRUMLISH, JR. joins in this opinion.
NOTES
[1] The PLRB certified bargaining unit related to "all court-related employees of Washington County." Included in the class of court-related employees as found by the PLRB were those in the departments directly involved with and necessary to the operation of the court, including register of wills, sheriff, prothonotary, clerk of courts, domestic relations, district attorney, orphans' court, common pleas court, probation, office of the justices of the peace, and public defender. In addition, the record indicates that the law library was an additional department to be included. However, as argued before this Court, the appeal was limited to the judges' personal staff, administrative and probation personnel of the court itself.
[2] A bill containing identical language as an amendment to the Second Class County Code, relating to second class and second class A counties (S.B. No. 890, Pr. No. 1694), passed the Senate on the same date as S.B. No. 891, Pr. No. 1695 (now Act No. 115 of 1976 above) but presently reposes in committee in the House of Representatives.
[3] Nos. 23 T.D. 1973, 24 T.D. 1973.
[4] The order refers to the "Board of Judges." We are unaware of any law, rule or concept of a "board" of judges of any judicial district, except that of the 1st Judicial District (Philadelphia County).
[5] The PLRB did not have the benefit of Costigan, which post-dates the order in question.
[6] Sections 604(3), 805 and 1001 of Act 195, 43 P.S. §§ 1101.604 (3), 1101.805, 1101.1001.
[7] See supra note 3.
[8] The petition in PERA-R-2104-W also included, however, employees of the Supreme and Superior Courts located in Allegheny County, which is not only illustrative of the issue of who are "court-related" employees of a judicial district and who is their public employer but also of the appropriateness of a bargaining unit or a subdivision thereof.
[9] In their reply brief, the county commissioners recognize and apparently accept Costigan as dispositive of the joint nature of the public employer of row office employees.
[10] Sections 301(12) and 801 of Act 195, 43 P.S. §§ 1101.301(12), 1101.801.
[11] Our affirmance should not be construed as necessarily affirming the identity of the 1st Judicial District as the sole public employer of the certified bargaining unit.
[1] My analysis in Sweet v. Pennsylvania Labor Relations Board, supra, of the definition of "public employer" set forth in Section 301(1) of the Act of July 23, 1970, P.L. 563, as amended, 43 P.S. § 1101.301(1), led me to the conclusion that the County of Washington, acting through its salary board, and the 27th Judicial District, acting through its judges, were the joint employers of court-related employees.
[2] The Act of June 29, 1976, P.L., No. 115, amends Section 1620; however, I do not consider it as applicable since it postdates the events dealt with here. Since the constitutionality of this amendment is not presently before us, I shall refrain from commenting thereon.
[3] Act of July 23, 1970, P.L. 563, as amended, 43 P.S. § 1101.101 et seq.