Official Court Reporters of the Court of Common Pleas of Philadelphia County, Appellants *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board et al., Appellees.

Argued March 2, 1982, before President Judge CRUMLISH and Judges ROGERS, BLATT, MACPHAIL and DOYLE.

258

*Stephen R. Bolden,* with him *Robert P. Style, Fell, Spalding, Goff & Rubin,* for appellants.

*Ellis H. Katz,* with him *Warren M. Laddon, James L. Crawford, Kathleen M. Quinn,* and *Richard Kirschner,* for appellees.

Opinion by Judge MacPhail, June 30, 1982:

The Association of Official Court Reporters of the Court of Common Pleas of Philadelphia County (As-

sociation)[1] has appealed from an order of the Court of Common Pleas of Philadelphia County, Judge MELVIN J. LEVY, specially presiding. The order appealed from affirmed an order of the Pennsylvania Labor Relations Board (Board), dated February 6, 1979.

An understanding of the complex procedural history of this case is important to the issues presented in the instant appeal. The history dates back to August 5, 1974 when the American Federation of State, County and Municipal Employees (AFSCME) filed a representation petition with the Board, naming the court reporters of the Court of Common Pleas of Philadelphia County as the bargaining unit which AFSCME sought to represent. Following a hearing,[2] at which AFSCME and the judges of the Philadelphia Court of Common Pleas (Philadelphia Judges) appeared as parties, the Board issued an order and notice of election in which it concluded that "the unit appropriate for the purpose of collective bargaining is a subdivision of the employer unit comprised of all court reporters." Following the election, the Board issued a nisi order certifying AFSCME as the exclusive bargaining representative for the court reporters. That order was subsequently made absolute on July 30, 1975.

President Judge BRADLEY of the Court of Common Pleas of Philadelphia County (Philadelphia Court),

[1] The Association was incorporated as a non-profit corporation on or about January 22, 1979. The Association as an unincorporated organization was active from as early as April 10, 1966.

[2] At the hearing, the parties agreed that the representation petition, which named both the City of Philadelphia and the Court of Common Pleas of Philadelphia County as public employers, should be amended to delete the City as a named employer. The parties also agreed that the unit of court reporters was an appropriate unit for collective bargaining purposes.

acting individually and on behalf of all the Philadelphia Judges, appealed from the Board's order of certification alleging that the Board lacked jurisdiction over the representation petition because the Philadelphia Court was not a "public employer" and the court reporters were not "public employees" within the meaning of the Public Employe Relations Act (PERA).[3] Upon petition of the Philadelphia Court, the Pennsylvania Supreme Court assumed plenary jurisdiction over the appeal and transferred the matter to this Court for disposition. In an opinion which addressed seven similar cases, this Court held that the 1st Judicial District (Philadelphia County) is a "public employer" within the meaning of PERA and that PERA was intended to apply to court-related employees such as the court reporters. *County of Washington v. Pennsylvania Labor Relations Board,* 26 Pa. Commonwealth Ct. 315, 364 A.2d 519 (1976). Our Court concluded:

> For these reasons and those previously stated we affirm the *certification* (emphasis added) of the PLRB in this appeal.[11]
>
> [11] Our affirmance should not be construed as necessarily affirming the identity of the 1st Judicial District as the *sole* public employer of the certified bargaining unit.

*Id.* at 337, 364 A.2d at 529 (emphasis in original). This Court's order provided that:

> [T]he final order of the Pennsylvania Labor Relations Board certifying a bargaining representative for a bargaining unit comprised exclusively of court reporters of the 1st Judicial District (Philadelphia County), in which the 1st Judicial District is identified as the *sole*

---

[3] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§1101.101-1101.2301.

public employer, is affirmed in its conclusions of law that Act 195 includes within its provisions court reporters of the 1st Judicial District and that Act 195 is not thereby rendered unconstitutional as an impermissible interference with an independent judiciary. The final order of the Board, however, is disapproved in its conclusion of law that the 1st Judicial District is the *sole* public employer of court reporters, an issue not specifically before the Court in this appeal.

*Id.* at 343, 346 A.2d at 532 (emphasis in original).

The Philadelphia Court appealed from this Court's order to the Pennsylvania Supreme Court. In *Bradley v. Pennsylvania Labor Relations Board,* 479 Pa. 440, 448, 388 A.2d 736, 740 (1978), the Court said:

Because no dispute exists here concerning the proper managerial representative for purposes of proceedings under Act 195, we are not called upon to decide whether appellants are to sit as the managerial representative in bargaining and representation proceedings with court reporters. We decide only that the Legislature intended Act 195 to apply to court reporters of Philadelphia and, on the present record, such application is constitutional.

Accordingly, the order of the Commonwealth Court is affirmed and the case is remanded to the Pennsylvania Labor Relations Board for proceedings consistent with this opinion.

After the *Bradley* decision was filed, the Board, allegedly acting on the remand direction set forth in the order of the Supreme Court, on August 21, 1978 ordered oral argument on "the impact of the Supreme Court's decisions regarding public *employers and*

*managerial representatives* in county government.''
(Emphasis added.) The order was directed to "in-
terested parties" and posed seven specific questions
to be addressed at argument. The *Bradley* decision
was listed as one of five Supreme Court opinions to
be discussed.[4] Oral argument was held by the Board
on September 6, 1978. Both AFSCME and the Phila-
delphia Court apparently appeared at oral argument
along with several other groups. The Association is
not listed as having made an appearance.

On February 6, 1979, without further notice or
hearing, the Board vacated its order of July 30, 1975,
certifying AFSCME as the exclusive representative
of the court reporters. The Board found that to
certify a unit of court reporters would promote over-
fragmentization. The Board, thereupon, vacated its
prior order of certification and set aside the petition
for representation which had been filed on August 5,
1974.

AFSCME did not appeal from the Board's final
order. *The Association,* however, filed a timely ap-
peal from the Board's order with this Court. The
matter was subsequently transferred, upon applica-
tion by the Board, to the Court of Common Pleas of
Philadelphia County which had jurisdiction pursuant
to Section 933(a)(1)(vii) of the Judicial Code, 42 Pa.
C. S. §933(a)(1)(vii). The court below, Judge LEVY
specially presiding, affirmed the order of the Board.
It is this last order which is the focus of the instant
appeal.

---

[4] The others were *Ellenbogen v. County of Allegheny,* 479 Pa.
429, 388 A.2d 730 (1978) ; *Board of Judges v. Bucks County Com-
missioners,* 479 Pa. 455, 388 A.2d 743 (1978) ; *Board of Judges v.
Bucks County Commissioners,* 479 Pa. 457, 388 A.2d 744 (1974) and
*Sweet v. Pennsylvania Labor Relations Board,* 479 Pa. 449, 388 A.2d
740 (1978).

Four issues were raised before and addressed by Judge LEVY in his opinion in support of his order. Those same issues are before this Court on appeal.

## Standing

The first issue raised in this appeal is whether the Association has standing to challenge the February 6, 1979 order of the Board. The lower court concluded that the Association lacked standing because it was neither a "party" before the Board nor was it "aggrieved" by the Board's order.

Relevant to the issue of standing is Pa. R.A.P. 501 which provides that:

Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom.

Both the Board and the Philadelphia Court, as Appellees, argue that the right of appeal from the Board's order has not been enlarged by statute and that the Association, in order to have standing in this appeal, therefore, must show that it was a *party* to the proceedings before the Board and was aggrieved by the Board's action.

We agree with the lower court and the Appellees that the Association's limited involvement in the proceedings before the Board[5] did not render it a party

---

[5] The president of the Association testified as a witness at the original hearing before the Board on November 4, 1974, and stated that "we have not intervened because at the present time we have no position to take." The only other involvement by the Association was its filing with the Board of a "petition to compel decision" in February, 1979. This petition was never acted on by the Board, however, since the Board's order of February 6, 1979 was issued on or about the same date that the petition was filed.

to those proceedings. We disagree, moreover, with the Association's contention that its right of appeal was enlarged by Section 1502 of PERA, 43 P.S. §1101.1502, inasmuch as we agree with the Appellees that that Section was repealed absolutely by Section 2(a)[1442] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a)[1442].

There is the possibility, however, that the provisions of Section 702 of the Administrative Agency Law (Law), 2 Pa. C. S. §702 have enlarged the Association's right of appeal. Section 702 states:

> *Any person aggrieved* by an adjudication of a Commonwealth agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure). (Emphasis added.)

Our Supreme Court has recently stated that Section 702 "makes it unmistakably clear that the Legislature intended to subject the actions of its agencies to increased judicial review, not to insulate them from it." *Application of El Rancho Grande, Inc.,* Pa. , , 437 A.2d 1150, 1155-56 (1981). We do note, however, that Section 701(b)(2) of the Law, 2 Pa. C. S. §701(b)(2) provides that:

> *Exceptions.* None of the provisions of this subchapter shall apply to:
>
> . . . .
>
> (2) Any appeal from a Commonwealth agency which may be taken initially to the courts of common pleas under 42 Pa. C. S. §933 (relating to appeals from government agencies).

Section 701(b)(2) was cited in *El Rancho Grande* and even though the appeal in that case was from an

order of the Liquor Control Board to the court of common pleas under the provisions of 42 Pa. C. S. §933(a) our Supreme Court held that:

> If section 702 applies to all Commonwealth agencies even when a statute provides that "there shall be *no* appeal", then *a fortiori* it applies when a statute grants an automatic right of appeal to certain limited classes of interested parties.

*Id.* at    , 437 A.2d at 1153 (emphasis in original). The instant appeal, of course, is brought pursuant to the provisions of 42 Pa. C. S. §933(a)(1)(vii). In a later decision of our Supreme Court, *Delaware County Lodge No. 27 v. Pennsylvania Labor Relations Board,* 497 Pa. 319, 323, 440 A.2d 512, 513 (1982) it is stated that:

> 2 Pa. C. S. §702 and 42 Pa. C. S. §763 *exclude* from their operation those appeals which may be taken initially to the courts of common pleas pursuant to *42 Pa. C. S. §933.* (Emphasis added.)

Reconciling the clear holding in *El Rancho Grande* that Section 702 does apply to appeals brought under 42 Pa. C. S. §933 with the excerpt from the opinion in *Delaware County Lodge*[6] which seems to conform with the legislative intent as expressed in Sections 701 and 702 of the Law, is difficult. It is clear, however, that if Section 702 does not apply to appeals such as that presented here, there is a gap in the Law which prevents aggrieved persons such as those now before us, from presenting a meritorious appeal, thus thwarting the purpose of Section 702.

---

[6] *El Rancho Grande* is cited in *Delaware County Lodge* as general authority for our jurisdiction in a Commonwealth agency appeal.

Utilizing our best judgment in the matter but realizing full well that our Supreme Court is the final arbiter of what the law is in the Commonwealth, we will hold that *El Rancho Grande* is binding in the case now before us and that the language quoted from *Delaware County Lodge* is dicta. We conclude, therefore, that Section 702 of the Law has enlarged the Association's right of appeal to the extent that if it has established that it is an aggrieved person, it has standing in this appeal even though it was not a "party" under Pa. R.A.P. 501.

We proceed now to determine whether the Association has been "aggrieved" by the Board's order here at issue.

Our Supreme Court in *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975) set forth guidelines to follow in determining whether a person is "aggrieved" by a particular matter. First is the requirement that a person claiming to be aggrieved have a "substantial interest" which has been adversely affected by the challenged order. This means that there must be a discernible adverse impact to an interest of the individual seeking to appeal other than the abstract interest of all citizens in obtaining obedience to the law. We think that there has been a discernible adverse impact to an interest of the Association. The Board's order has both impacted on the court reporters' ability to bargain as a homogeneous unit and, as a result, has effectively decertified their elected bargaining representative. These results, in our opinion, demonstrate that the Association has a substantial interest separate from the common public interest that the law be obeyed.

The second requirement is that the Association's interest be direct. Thus, the Association must show

"causation of the harm to [its] interest by the matter of which [it] complains." *William Penn*, 464 Pa. at 195, 346 A.2d at 282 (footnote omitted). Again, we think the Association's interest is direct since the Board's order has the effect of precluding the Association's members from being represented as an integral bargaining unit. Moreover, the immediate effect of the Board's order is, at the least, to delay the court reporters' ability to procure a bargaining representative as is their right under Section 401 of PERA, 43 P.S. §1101.401.

The final requirements are that the Association's interest be "immediate" and not a remote consequence of the Board's action. The Association's asserted interest in this case is undoubtedly an immediate consequence of the Board's action.

It is also our opinion that the Association has standing as a representative of its members. *See Tripps Park Civic Association v. Pennsylvania Public Utility Commission*, 52 Pa. Commonwealth Ct. 317, 415 A.2d 967 (1980); *Concerned Taxpayers v. Commonwealth*, 33 Pa. Commonwealth Ct. 518, 382 A.2d 490 (1978). As the Association points out in its brief, to say that the Association has no standing because AFSCME is the "party" with the exclusive right to appeal puts the Association in an impossible situation. The Board's order in 1979 decertified AFSCME so that it no longer represented the court reporters. For reasons not explained on the record, AFSCME did not appeal from that order thus leaving the Association with no representation and no right of appeal. Such an unjust result cannot be permitted to stand.

## Merits of the Appeal

Turning to the merits of the appeal, the Association argues that the Board, for several reasons, acted

improperly when it vacated its July 30, 1975 order of certification. The Board maintains, on the other hand, that its action in finding the court reporters to be an inappropriate bargaining unit was proper and in accordance with the Supreme Court's remand order in *Bradley*.

In support of its position the Association contends that the Board violated the legal doctrines of "res judicata" and "law of the case" when it reviewed its prior finding of unit appropriateness. Neither of these legal principles are applicable to the instant case.

In order for res judicata to be applicable there must be a concurrence of four conditions: 1) identity of the causes of action; 2) identity of the parties; 3) identity of the issues, and 4) identity of the quality or capacity of the parties suing or being sued. *Reilly v. Department of Environmental Resources*, 49 Pa. Commonwealth Ct. 374, 412 A.2d 652 (1980). Since the proceedings in this case, which originated with the filing of a representation petition in 1974, have not yet reached a final conclusion, there can be no "identity of the *causes* of action", for no second action has been initiated. Nor, of course, is there identity of the parties since the Association was not a party to the prior Board proceedings. Thus, res judicata may not be applied as a bar to the Board's order.

The doctrine of "law of the case" is likewise inapposite.

"The doctrine of 'the law of the case' is that, when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the same case, reverse its previous ruling even though convinced that it was erroneous. . . ."

*Burke v. Pittsburgh Limestone Corp.,* 375 Pa. 390, 394, 100 A.2d 595, 598 (1953) (quoting *Reamer's Estate,* 331 Pa. 117, 122, 200 A. 35, 37 (1938)).

As applied to courts of common pleas, the law of the case doctrine is set forth in *Haefele v. Davis,* 380 Pa. 94, 98, 110 A.2d 233, 235 (1955) as follows:

> A lower court is without power to modify, alter, amend, set aside or in any manner disturb or depart from the judgment of the reviewing court as to any matter decided on appeal. . . . Under any other rule, litigation would never cease, and finality and respect for orderly process of law would be overcome by chaos and contempt.

In the instant case, although this Court specifically affirmed the PLRB order of certification and our order was subsequently affirmed by the Supreme Court, neither this Court nor the Supreme Court has specifically ruled on the *question* of the appropriateness of a bargaining unit comprised solely of court reporters; accordingly, the "law of the case" principle does not apply here.

The Association argues next that, even if not barred by the doctrines of res judicata and law of the case, the Board exceeded the scope of the Supreme Court's remand order in *Bradley* and did not follow appropriate procedures in reconsidering, on its own motion, its prior certification order. The Board contends that it was merely following the remand order of the Supreme Court. If the Board was acting pursuant to the remand order, then, of course, it was not exceeding the scope of its authority when it undertook to set aside its previous order of certification. The issue then becomes, what was the scope and purpose of the remand?

We have previously noted that this Court *specifically* affirmed the *certification* order of the PLRB but disapproved that part of the PLRB order which concluded that the 1st Judicial District was the sole public employer of court reporters, because that issue was not before the Court. The Supreme Court affirmed our order, adding that it was not called upon to decide whether the Philadelphia Judges were to sit as the managerial representative in bargaining and representation proceedings with the court reporters. We conclude that the purpose of the remand was to determine who was the *employer* authorized to bargain with the certified representative of the court reporters, rather than to direct or authorize the PLRB to review whether the original certification of the *employes'* bargaining agents was correct. Nothing in the opinion of this Court or that of the Supreme Court even suggests that the original certification order may have been improper. We further conclude that the remand order of the Supreme Court neither required nor permitted the Board to review its order of July 30, 1975.

It is contended to us by the Board that even if the remand order did not authorize it to review its prior order, it had the right to do so sua sponte. In *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973) we held that an administrative agency may not, absent a petition for reconsideration or the granting of notice and an opportunity to be heard by way of brief or oral argument, reverse its prior ruling on substantive issues. It is clear that there was no petition for reconsideration before the Board in the instant case. The Board points out, of course, that it did follow the alternative permitted by *Kentucky Fried Chicken,* by giving notice to all interested parties and providing them

with the opportunity to be heard by way of brief or oral argument.

Our Court has emphasized that when an administrative agency on its own motion substantively amends an order previously issued, it jeopardizes and makes impossible of achievement the necessity of finality of administrative decisions. *Commonwealth v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 122, 377 A.2d 1294 (1977). In the instant case, an order entered three and one-half years earlier has been set aside on the Board's own motion. This surely violates the strong public policy and case law favoring the finality of adjudications of courts and administrative agencies.

Nor do we believe that the Board has provided the court reporters or the Association with an opportunity to be heard on the issue of whether the certification order entered July 30, 1975 should be reviewed.[7] In this regard, the nature of the Board's notice fixing the time and place for argument on the matters the Board wished to hear argument, is critical. As we have noted above, the Board's notice listed seven questions it thought were raised by the decisions of the Supreme Court. A careful study of those questions reveals that only one of them would suggest or even hint that the certification order in the instant case would be subject to review. The rest of the questions are directed to issues relating to a determination of who the public employer would be in given situations, i.e. the county commissioners or others, and what effect the decisions would have on existing agreements and representation proceedings undertaken while the cases were on appeal.

---

[7] Even if the Association was not entitled to notice because it was not a party in prior Board proceedings, we would find the notice defective as to AFSCME.

Question number four reads as follows:

May row office and court employes be included in one "court-related" unit pursuant to Section 604(3) of the Public Employe Relations Act if the county commissioners are designated the sole public employer pursuant to Act 115 of 1976 despite the fact that the row officers may hire, fire and direct certain employes in the unit and the judges hire, fire and direct certain other employes within the same unit?

While that question does involve employee representation, it does not suggest to us that the certification order in the instant case may be improper; rather, it suggests problems that must be resolved where employees of row offices and the court are included in *one bargaining unit,* a situation which is *not* the case in the certification order of 1975.

It is true that the Board invited oral argument "on any other questions the parties may deem relevant" but that would hardly alert the court reporters or the Association to the fact that the Board intended to reconsider its prior certification order. It is also true that the *Bradley* case was one of those listed as an impact decision but again, since neither this Court nor the Supreme Court discussed the certification of the *employee* bargaining unit in their opinions or orders, the mere citation of the *Bradley* case would not be adequate to put the court reporters and the Association on notice that their certification order was in jeopardy.

We conclude, therefore, that the Board exceeded the scope of its authority when it undertook to review on its own motion the certification order entered July 30, 1975 without satisfying either of the prerequisites for doing so. *Kentucky Fried Chicken.*

Having reached that conclusion, we find it unnecessary to consider the other matters advanced by the Association in support of its arguments on the merits but we do note that at the very least, there was the appearance of a conflict of interest when the order of the PLRB dated February 6, 1979 was signed by Kenneth F. Kahn as Chairman, notwithstanding the fact that his name appeared as counsel for the Administrative Office of the Pennsylvania Courts while the matter was on appeal to this Court and the Supreme Court. It is clear to us that whether or not Mr. Kahn actively participated in the appellate process, his representation of the Administration Office of the Pennsylvania Courts in the appellate process would prohibit him from later acting in an adjudicatory capacity involving the same controversy.

Order reversed.

ORDER

It is ordered that the order of the Court of Common Pleas of Philadelphia County, dated February 10, 1981, No. 901 April Term 1979 is hereby reversed and the order of the PLRB entered July 30, 1975 is reinstated.

President Judge CRUMLISH, JR., dissents as to the standing issue only.

Judge MENCER did not participate in the decision in this case.