## THOMAS GREEN v. THE MORRIS AND ESSEX RAILROAD COMPANY.

1. A count in tort against a railroad company for not building a wagon way over their road where it crosses a farm, as required by their charter, cannot be joined with a count to recover the cost of a wagon way which the plaintiff had erected over the road, after twenty days' notice, which, by their charter, the company in such case were liable to pay. One count is founded on tort, the other on contract.

2. In such case, the provision that the land owner may build the wagon way, and recover its value of the company, does not relieve them from the duty, or from an action for the damages for not performing it. It is a cumulative remedy.

3. Such count for not erecting suitable wagon ways, need not allege that excavation was wrongfully made, or made without consent of owner—nor is it necessary to aver a request to provide them—but it is necessary to aver what ways and how many the company have failed to erect.

4. A requirement that a railroad company shall erect suitable bridges across their road where crossed by *roads*, does not require them to erect a bridge at a farm crossing.

5. A notice requiring a company to erect suitable wagon ways for farm crossings, should specify what ways and how many were needed.

This was an action on the case founded on the neglect of the defendants to build proper wagon ways and a bridge over their road, which intersected and divided the plaintiff's farm. The first three counts were for neglecting to construct proper wagon ways; the fourth and fifth for neglecting to pay the plaintiff the cost of constructing them, he having built them himself, after the notice for that purpose prescribed in their charter; and the sixth count was for their neglect to build a bridge where the passage way on his farm was crossed by the railroad.

To this declaration the defendants demurred; and the cause was argued upon the demurrer, before the CHIEF JUSTICE, and Justices ELMER and POTTS, by Mr. *Whelpley* in support of the demurrer, and Mr. *Chandler* and Mr. *Scofield* contra.

The grounds of the demurrer appear in the opinion of the court, delivered by the CHIEF JUSTICE.

The CHIEF JUSTICE. The declaration in this case is founded

on the ninth section of the act to incorporate "The Morris and Essex Railroad Company," passed January 29, 1835. By that section it is enacted "that it shall be the duty of the said company to construct and keep in repair good and sufficient bridges or passages over or under the said road or roads, where any public or other road shall cross the same, so that the passage of carriages, horses and cattle on the said road shall not be impeded thereby; and also, where the said road shall intersect any farm or lands of any individual, to provide and keep in repair suitable wagon ways over or under said road, so that he may pass the same; and if the company neglect to perform the same, after giving twenty days' notice to the company, by the owners or possessors so to do, the owner or possessor may do it himself, and recover the value of the work from the corporation, by common process of law."

The first three counts of the declaration are framed in tort, to recover damages for the failure of the company, to provide and keep in repair suitable wagon ways, where the lands of the plaintiff are intersected by the said railroad. The three last counts claim also to recover against the company the value of a bridge constructed by the plaintiff, over the railroad, after notice given to the company, and a failure by them to construct the same.

There is clearly a misjoinder of the causes of action. An action on the case for tort, is the appropriate remedy for the recovery of damages sustained by the plaintiff by reason of the failure of the company to construct suitable wagon ways in performance of the duty enjoined upon them by the statute. But to recover from the corporation the value of the work done by the plaintiff, under the authority of the statute, and which it was the duty of the company to perform, the action must be in form *ex contractu*. It is not damages for a wrong committed by the defendants, but the value of work done for them by the plaintiff, which the plaintiff seeks to recover. The action is founded upon the statute, and an action in form *ex delicto*, can not be the appropriate remedy.

Under the general demurrer to the whole declaration, there must, on the ground of misjoinder, be judgment for the defendants.   1 *Chitt. Pl.* (*7th Ed.*) 236 ; *Gould's Pl. chap.* 4, § 97.

An effort has been made to avoid the appearance and the consequences of a misjoinder, by giving to the counts, founded on the claim for the value of the work done, the form of a declaration on the case for tort, and laying the cost and expenses of the work, as a part of the injury resulting from the tort. But the court cannot close its eyes to the real nature of the claim, and to the fact that an action in form *ex delicto*, will not lie to recover the value of work done, whatever may be the form in which the count is framed.    If claims founded in tort and upon contract, be united in the same declaration, the consequences of the misjoinder are not avoided by giving to a count founded upon contract the form of an action for a tort, unless where the plaintiff may lawfully adopt either form of · action.

This view of the law disposes of the case.    But a variety of questions were presented under the demurrers to the several counts, touching the substantial rights of the parties, which were elaborately argued by counsel, and upon which it may be important for the final disposition of the cause, that the opinion of the court should be expressed.

1. It is insisted that no action can be maintained under the provisions of this statute by the landholder against the company, to recover damages for a failure to provide and keep in repair suitable wagon ways.   That inasmuch as the statute has provided a specific remedy for the wrongful omission of the company, viz., that the landholder should build the bridge and recover the value of the work from the company, no other remedy can be resorted to.

Admitting that the specific duty of constructing the wagon ways is created by the statute, the case does not fall within the operation of the principle relied upon.   The statute does not prescribe an action by the landholder to · recover the value of the work as the specific mode of redress, for the

failure of the company to construct suitable wagon ways. It was clearly not the design of the legislature to require the landholder to build the bridge, and to leave him no other mode of redress in case of the failure of the company to perform its duty. The design was not to narrow and limit, but to vary and render more efficient the remedy of the landholder, by authorizing him, at his option, to construct suitable ways, at the expense of the company, if they failed to perform the duty. It never could have been the design of the act to compel the landholder, at his own cost, to erect the work which the company were required to perform, and to deprive him of all remedy, in case he was either unable or unwilling to incur the expense, or encounter the hazard of an eventual recovery. The act gives to the landholder a choice of remedies. He may either endure the inconvenience resulting from the neglect of the company to provide suitable ways, and resort to an action for damages at common law, or he may himself construct the ways and bring his action, under the statute, for the value of the work.

2. It is assigned specially for cause of demurrer, that it is not averred in the declaration that the excavation was wrongfully made, without the consent of the plaintiff. It could not be averred that it was wrongfully made, for it is expressly stated that the road was constructed by authority of the legislature. The complaint is not that the excavation was unauthorized or illegal, but that suitable ways of crossing the excavation were not provided, as required by the act. Nor is it necessary to aver that the excavation was made without the consent of the plaintiff. If the defendants rely upon the ground that the land was conveyed to the company for the purpose of constructing the road, or that from any cause they are not subject to the duty imposed by the act, that constitutes proper matter of defence. *Brearley* v. *The Del. and Rar. Canal Co., Spencer,* 236.

3. Another special ground of demurrer is, that the defendants were not requested to provide suitable ways, or notified that any way was necessary. In an action at common law

against the company to recover damages for not constructing suitable ways, it is not necessary to aver or prove notice from the landholder that ways are necessary. The statute imposes upon the company the duty of constructing suitable ways. The obligation to perform that duty does not depend upon the request of the landholder, much less is it requisite for the landholder to request the company to perform their duty or to notify them in what manner that duty is to be performed. The law having imposed upon the company the duty of providing suitable ways, they cannot shift upon the landholder the duty of deciding, at the peril of forfeiting his rights, what are suitable ways. If the ways are provided in conformity with the wishes or suggestion of the landholder, the duty of the company is performed, and no room left to the landholder for complaint. But it is no part of the legal duty of the landholder, under the statute, to notify the company in what mode they shall perform a duty imposed upon them, nor is it necessary in an action for damages for non-performance of their duty, to aver that they have been requested to perform it.

4. The three first counts of the declaration are nevertheless defective, in failing to aver what or how many ways the company have failed to construct. So far as appears by the declaration, the breach of duty may consist in failing to construct one or ten suitable ways across the railroad. Where the plaintiff complains of a tortious act by the defendant, in failing to perform a legal duty, the declaration should specify with reasonable certainty in what the failure of duty consists.

5. The sixth count of the declaration is for neglecting to provide a bridge or passage across the railroad, where a way of the plaintiff over his own farm crosses the same. Such way is not a *road* in the legal sense of the term—nor can any one have a right of way over his own land. A way, in law, is the right of going over another man's ground. Ample redress for the injury complained of in this count is furnished to the landholder by the obligation imposed upon the

company, to construct suitable ways where his lands are inter-sected by the railroad.

6. Where the landholder seeks to recover the value of the work done by him, upon failure of the company, after notice to provide suitable ways, the notice given to the company to construct suitable ways, should specify with reasonable certainty what ways are required.

There must be judgment for the defendants, with leave to the plaintiff to amend upon the payment of costs.

ELMER and POTTS, Justices, concurred.