## Northampton Builders' Association *v.* Northampton Bucks County Municipal Authority, Appellant.

Argued April 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Henry F. Huhn,* for appellant.

*Richard P. McBride,* with him *Power, Bowen & Valimont,* for appellee.

OPINION BY JUDGE KRAMER, December 8, 1976:

This is an appeal filed by Northampton Bucks County Municipal Authority (Authority) from an order of the Court of Common Pleas of Bucks County dated November 21, 1975, dismissing the Authority's objections filed under the Uniform Declaratory Judgment Act, Act of June 18, 1923, P.L. 840, *as amended,* 12 P.S. §831 et seq., raising questions of law, as provided for in the statute, to the Petition for a Declaratory Judgment filed by Northampton Builders' Association (NBA). The Authority raises two questions, among others, which must be answered before this case is permitted to proceed further.

The NBA is a Pennsylvania nonprofit corporation comprised of about ten builders engaged in the construction of buildings in the Northampton Township area. Their construction is subject to the regulations of the Authority which require not only that the entire engineering design of internal water distribution sys-

tems and the sanitary sewer systems be submitted for approval; but that the actual design and installation must be done by the Authority and not the owner of the property or his contractor. In addition, the Authority's engineer must inspect and approve the system prior to connection and all of these services are done at the cost of the builder and the owner of the property.

NBA, through the suit filed, requested the trial court to declare the Authority's requirements to be in violation of the law. The Authority, in its Answer raising questions of law, challenges the jurisdiction of the trial court, contending that the form of the action was improper due to the fact that Section 4B(h) of the Municipalities Authorities Act, Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §306B(h) provides the exclusive basis for any action on rates and service of this Authority. We will dispose of this issue first. Although it is true that prior to the recent amendments to the Act, Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §301 et seq., the rates and services of a municipal utility rendering such services as water and sewage were subject to the jurisdiction of the Public Utility Commission, the changes in the Act did not define the terms "rate or service." The question raised by the Authority becomes important only if we determine that the condition precedent agreement demanded by the Authority is a rate or a service. This we cannot do. As has been stated by our appellate courts:

Acceptance or rejection of the sewer system, and enforcement of the terms of the construction contract were essentially matters of internal managerial discretion and were not related to questions of rates or service. . . . Matters of corporate policy and management preliminary to rendition of service are distinct from those directly involving

rates or service after service has commenced. On the other hand, for example, questions as to *who shall be served* and *what lines shall be abandoned* are concerned directly with 'service.' (Emphasis added.)

*Lakemont Civic Ass'n., Inc. v. Central Blair County Sanitary Authority,* 199 Pa. Superior Ct. 125, 128-29, 184 A.2d 301, 303 (1962). *See also Northvue Water Co., Inc. v. Municipal Water and Sewer Authority of Center Township,* 7 Pa. Commonwealth Ct. 141, 298 A.2d 677 (1972).

We conclude, under these cases and the statutes, that a municipal authority has no authority to require its engineer to design at the citizen's expense the internal systems of a building as a condition precedent to official approval of the construction. We have no reservation that this Authority may establish standards, rules and regulations under which such water and sewage facilities may be constructed anywhere within its service area. The manner in which a citizen must comply in meeting the standards reasonably set will be enforced by the courts; but to authorize a municipal authority to use its own employes, or to permit it to choose those architects, engineers and experts of their liking, to design and construct a sewage system for and on a citizen's property is beyond anything intended by the General Assembly.

Lastly the Authority contends that NBA is merely seeking an advisory opinion and that there is no actual controversy between the parties. We agree with the trial court when it concluded that NBA here is seeking to have a presently existing right adjudicated and, taking into account the avowed purpose of the Uniform Declaratory Judgment Act, 12 P.S. §831 et seq., to afford relief from uncertainty and insecurity with respect to rates, status and other legal relations; its remedial nature; the mandate that it be liberally

construed and administered and given a new direction, which the Pennsylvania Supreme Court has taken in *Friestad v. Travelers Indemnity Company,* 452 Pa. 417, 306 A.2d 295 (1973) and *Liberty Mutual Insurance Co. v. S.G.S. Co.,* 456 Pa. 94, 318 A.2d 906 (1974), in order to effectuate the "clear and explicit legislative intent" and more closely align Pennsylvania case law with that of other jurisdictions adopting some uniform act, it would seem that a declaratory judgment is appropriate in this case and that NBA's right to bring action should be upheld and the matter adjudicated on its merits.

We will remand this matter back to the trial court to resolve it in a manner not inconsistent with this opinion.

### ORDER

AND Now, this 8th day of December, 1976, the above-captioned case is remanded to the Court of Common Pleas of Bucks County for the purpose of completing the record and entering a judgment in favor of Northampton Builders' Association. This appeal is dismissed, and each of the parties will pay its own costs.