Concerned Taxpayers of Allegheny County, a Nonprofit Corporation, Plaintiff *v.* Commonwealth of Pennsylvania and Grace Sloan, State Treasurer, Defendants.

Argued November 2, 1977, before President Judge
BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,
ROGERS and BLATT.

*Joseph M. Loughren,* with him *Robert E. Way-
man,* and *Wayman, Irvin & McAuley,* for plaintiff.

*Melvin R. Shuster,* Deputy Attorney General, with him *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant.

OPINION BY PRESIDENT JUDGE BOWMAN, FEBRUARY 9, 1978:

The Concerned Taxpayers of Allegheny County (Taxpayers), a nonprofit corporation organized "for the purpose of promoting responsible tax policies within the Commonwealth of Pennsylvania," has filed a Bill In Equity, seeking to enjoin the defendants, the Commonwealth and State Treasurer, from disbursing funds in accordance with Section 6 of the Act of June 29, 1976, (Act), P.L. 452, 65 P.S. §364, alleging said Act to be unconstitutional.[1]

The Act recreates the Commonwealth Compensation Commission (CCC),[2] requiring that it "make an exhaustive study of the salaries, emoluments, mileage, per diem, travel and other expense allowances

---

[1] The jurisdiction of the Court is invoked pursuant to Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401(a)(1), which vests in this Court original jurisdiction over "[a]ll civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity . . . ." As a cause of action asserted within our original jurisdiction the proper initial pleading should be a petition for review. Pa. R.A.P. 1511. As the State Treasurer is a high public official imbued with statewide policymaking authority and an "officer" within the meaning of *Opic v. Glascow, Inc.,* 31 Pa. Commonwealth Ct. 555, 559, 375 A.2d 396, 398 (1977), and thereby attributed the same absolute immunity as is the Commonwealth, *Jonnet v. Bodick,* 431 Pa. 59, 244 A.2d 751 (1968), we may pass on the issue of immunity as to each of the defendants. *Fischer v. Kassab,* 32 Pa. Commonwealth Ct. 581, 380 A.2d 926 (1977).

[2] *See* Section 2 of the Act of June 16, 1971, P.L. 157, repealed by the Act of July 27, 1973, P.L. 225, establishing the previous existence of the Commonwealth Compensation Commission.

and reimbursements'' payable to members of the executive, legislative and judicial branches of the Commonwealth. The CCC is then required to make a periodic report of these studies to the respective branches of government. Unless rejected in whole or in part by concurrent resolution of the General Assembly, or if specific legislation differs from the pay schedule contained within the report, the report itself then takes effect and has the force and effect of law.

The Taxpayers complain that this delegation of power to the CCC violates Article II, Section 1 of the Pennsylvania Constitution by delegating a legislative function without adequate guidelines, as well as Article II, Section 8 which provides that members of the General Assembly shall receive such salaries and mileage as fixed by law and no other compensation. It is further alleged that the creation of the CCC not only violates the constitutional system of checks and balances set forth in Article III, Section 9, but is also in derogation of Article III, Section 24 requiring a lawful appropriation before public monies may be paid out.

In answer to this panoply of constitutional challenges defendants have filed preliminary objections demurring generally and challenging this Court's jurisdiction to entertain this action.

The defendants' initial jurisdictional challenge is predicated upon Article I, Section 11 of the Pennsylvania Constitution which incorporates the doctrine of sovereign immunity, and permits suits against the Commonwealth only insofar as the Legislature may by law specifically so direct. *See Department of Public Welfare v. Ludlow Clinical Laboratories, Inc.,* Pa. , 374 A.2d 526 (1977).

Though it has been held this immunity extends to actions in equity, *Ross v. Keitt,* 10 Pa. Commonwealth

Ct. 375, 308 A.2d 906 (1973), *aff'd.* 466 Pa. 576, 353 A.2d 841 (1976), this has been done in the context of prospective civil damages. *See Schroeck v. Pennsylvania State Police,* 26 Pa. Commonwealth Ct. 41, 362 A.2d 486 (1976). Rather than civil damages the Taxpayers are seeking to enjoin the implementation of an allegedly unconstitutional statute. We had the opportunity to address a similarly postured case in *The Townships of Springdale and Wilkins v. Kane,* 11 Pa. Commonwealth Ct. 254, 312 A.2d 611 (1973). In holding that sovereign immunity did not bar a suit by local taxing authorities seeking to enforce the constitutional mandate in Article VIII, Section 7 that certain monies collected by the Commonwealth from public utilities are to be remitted to the local authority as a substitute for local real estate taxes, we cited as controlling the following general formulation set forth in *Philadelpha Life Insurance Co. v. Commonwealth,* 410 Pa. 571, 576, 190 A.2d 111, 114 (1963):

In Georgia R.R. & Banking Co. v. Redwine, 342 U.S. 299, 72 S.Ct. 321, it was said: 'This Court has long held that a suit to restrain unconstitutional action threatened by an individual who is a state officer is not a suit against the State. [citing cases].' . . .

'. . . it is an equally generally recognized rule that an action against state officers, attacking the constitutionality of a statute of the state, to enjoin them from enforcing an unconstitutional law . . . is not a suit against the state, and is not prohibited as such under the general principles of immunity from suit accorded to states. . . .'

The distinction is clear between suits against the Commonwealth which are within the rule of its immunity and suits to restrain officers

of the Commonwealth from enforcing the provisions of a statute claimed to be unconstitutional. Suits which seek to compel *affirmative action on the part of state officials or to obtain money damages or to recover property from the Commonwealth* are within the rule of immunity; suits which simply seek *to restrain state officials* from performing affirmative acts are not within the rule of immunity. (Citations omitted) (emphasis in original).

In view of this directive we are of the opinion that sovereign immunity cannot operate as a bar to the asserted cause of action.

The defendants next challenge the plaintiff corporation's standing, as a nonprofit corporation, to bring a taxpayer's suit in its own behalf.

The "core concept" in standing questions is that a person seeking judicial resolution of a controversy be adversely affected, and not merely "assert the common interest of all citizens in procuring obedience to the law." *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 192, 346 A.2d 269, 281 (1975). The requirements of a case and controversy dictate that a plaintiff allege a distinct and palpable injury to himself. As the rule is stated in Pennsylvania, sufficient adversity adheres to a cause of action when the plaintiff alleges an immediate, direct, and substantial injury. *See Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, supra* at 194-97, 346 A.2d at 282-83.

It is a well-settled rule in this Commonwealth that "a taxpayer may seek to enjoin the wrongful or unlawful expenditure of public funds even though he is unable to establish any injury other than to his interest as a taxpayer." *Price v. Philadelphia Parking*

*Authority,* 422 Pa. 317, 326, 221 A.2d 138, 143-44 (1966). *See also Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, supra* at 194 n. 21, 346 A.2d at 282 n. 21; *Faden v. Philadelphia Housing Authority,* 424 Pa. 273, 227 A.2d 619 (1967). This, of course, does not obviate the necessity of alleging some injury in fact to that interest. It is on this point that defendants argue that a nontaxpaying nonprofit corporation lacks standing to sue.

The Taxpayers have not alleged injury to any taxpayer status of the corporation, apparently seeking to attain standing by claiming injury to the taxpayer status of its individual members. "Ordinarily one may not claim standing . . . to vindicate the constitutinal rights of some third party." *Barrows v. Jackson,* 346 U.S. 249, 255 (1953); *see also Harrisburg School District v. Harrisburg Education Association,* 32 Pa. Commonwealth Ct. 348, 379 A.2d 893 (1977).

> Even in the absence of injury to itself, [however], an association may have standing solely as the representative of its members. . . . The possibility of such representational standing, . . . does not eliminate or attenuate the constitutional requirement of a case or controversy. . . . The association must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought the suit.

*Warth v. Seldin,* 422 U.S. 490, 511 (1975).

*See also Boston Stock Exchange v. State Tax Commission,* U.S. , 50 L.Ed. 2d 514 (1977); *Pennsylvania Petroleum Association v. Pennsylvania Power & Light Co.,* 32 Pa. Commonwealth Ct. 19, 23 n. 4, 377 A.2d 1270, 1275 n. 4 (1977) (President Judge Bowman

concurring) ; *cf. Pennsylvania Coal Mining Ass'n. v. Insurance Dep't.,* 471 Pa. 437, 370 A.2d 685 (1977).

Although an association or, in this case, a nonprofit corporation, may assert the interests of its members, and taxpayers may challenge alleged unlawful expenditures, the requirements of a direct, immediate, and substantial injury remain. This requires allegation of direct injury *to the taxpayer status,* caused by the challenged action, resulting in some substantial pecuniary detriment.

Although the allegations of the complaint are admitted for the purposes of the demurrer, *Young v. Pennsylvania Board of Probation and Parole,* 29 Pa. Commonwealth Ct. 268, 370 A.2d 813 (1977), an examination of Taxpayers' Bill reveals none of the facts necessary to establish a direct, immediate, and substantial injury to the individual taxpayers. The Bill alleges in paragraph 1 that the members are "residents and citizens of the Commonwealth of Pennsylvania, . . . organized for the purpose of promoting responsible tax policies." The remaining paragraphs, though replete with allegations of unconstitutionality, contain none of the allegations of injury which could confer standing to pursue this action by Taxpayers on behalf of its members. *See Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, supra* at 205, 346 A.2d at 287-88. Hence, we will sustain the defendants' preliminary objections as to standing and dismiss the Taxpayers' Bill in Equity.

By virtue of our disposition of defendants' preliminary objections relating to the standing challenge, we need not at this juncture pass on the merits of the demurrer. In addition, we deem it inappropriate to consider defendants' allegation that the Taxpayers have failed to join necessary parties as this point was raised for the first time in their brief. *See* Pa. R.C.P. No. 1028.

## ORDER

Now, February 9, 1978, the defendants' preliminary objections are sustained and the Bill In Equity of the Concerned Taxpayers of Allegheny County is dismissed.