## Wolf v. Cline

*Donald G. Oyler*, for petitioner.
*Chester G. Schultz* and *Robert E. Campbell*, for defendants.

SPICER, *P.J.*, November 15, 1979—Petitioner, who holds an option to purchase real estate which is subject to restrictions, brings this action for declaratory judgment to have one such restriction interpreted. He alleges plans to construct a condominium on lands adjacent to the optioned land and use the optioned land as an entrance plaza or roadway for the condominium.

The restriction in question prohibits using the land as a "right of way." Petitioner proposes that the restriction would not prohibit an owner or multiple owners from using his or their land for the purposes of access since such use would not be of a

"right of way." Green v. The Morris and Essex Railroad Co., 24 N.J.Law 486 (1854); Unit Property Act of July 3, 1963, P.L. 196, 68 P.S. §§700.102, 700.201.

Petitioner has joined as parties defendant other land owners in the area who hold by deeds containing identical restrictions. Some of these have filed answers in the nature of preliminary objections. These have been argued and are presently before the court for disposition. Although defendants have set forth ten separate objections all amount basically to contentions that (1) petitioner does not fall within those classes of persons entitled to relief under the provisions of the Declaratory Judgments Act, 42 Pa.C.S.A. §7531 et seq., and (2) that which petitioner seeks is an advisory opinion, which the court should not give.

Section 7533 of the Uniform Act, supra, provides that "[a]ny person interested under a deed . . . may have determined any question of construction or validity arising under the instrument." Defendants argue that petitioner is not such a person since an option is in the nature of a continuing offer to sell: Warner Brothers Theatres, Inc., v. Proffitt, 329 Pa. 316, 198 Atl. 56, (1938). Petitioner may or may not accept the offer but until he does, defendants say, he is asking the court to rule on something that may never happen: Philadelphia v. Philadelphia Transportation Company, 404 Pa. 282, 171 A. 2d 768 (1961).

On the other hand, petitioner claims that as an optionee he has substantial interest in the land and, therefore, in the deed: 32 P.L.E. 226, §11. Since he has such an interest he submits he is "interested" under the deed.

We are convinced that petitioner has the better argument, especially in light of statutory provisions

that the Uniform Act is to be liberally construed (§7541) whether or not further relief could be claimed (§7532). Thus we hold that an optionee is a person interested under a deed under the provisions of §7533.

It must be noted that even were it otherwise, petitioner would still be entitled to relief under §7536 to "remove an uncertainty."

In determining whether the relief which petitioner seeks is "advisory," we probably must begin with the realization that, in a real sense, most, if not all, relief sought under the Uniform Act is advisory. That has not deterred courts from granting relief in the past when it could be determined that there was a presently existing right to be adjudicated: Northampton Builders' Association v. Northampton Bucks County Municipal Authority 27 Pa. Commonwealth Ct. 401, 367 A. 2d 800 (1976). When courts were asked to determine rights in anticipation of an event or events that might never occur, relief was denied: Johnson Estate, 403 Pa. 476, 171 A. 2d 518 (1961).

Using this analysis, it becomes apparent that petitioner is, in the words of Johnson Estate, supra, seeking a "determination of rights in anticipation of an event or events which may never occur," p. 488. Even if we were to grant the relief requested, he might not exercise his option.

However, deciding that petitioner is seeking an advisory opinion does not conclude the matter. Holdings in cases such as Johnson Estate, supra, were based, at least in part, on statutory requirements of an actual controversy or imminent or inevitable litigation, supra, p. 488.

The recent version of the Uniform Act has deleted requirements that there be an actual controversy existing between the parties or antagonistic claims

present which indicate imminent and inevitable litigation. The act also removed as a bar to relief the availability of other and more appropriate relief.

It might appear that cases decided under the repealed provision of 12 P.S. §831 et seq. may no longer be pertinent to our consideration because the legislature may have intended to include advisory opinions within the purview of the Uniform Act.

However, the opinion of the Pennsylvania Supreme Court in Kariher's Petition (No. 1), 284 Pa. 455, 131 Atl. 265 (1925), goes beyond considerations inherent in statutory changes. While that case held the former law to be valid because it did not provide for advisory opinions, it did not directly hold that advisory opinions were improper. Even so, the impact of the opinion cannot be other than squarely against the granting of advisory opinions.

In discussing the constitutionality of the then recently enacted Uniform Act, 12 P.S. §831, the court first found the act to be a continuation of existing judicial practice. The court then framed the constitutional issue as being whether the legislature sought to impose upon the judicary a nonjudicial function of giving advice, p. 463. Because the court concluded that the legislature had not provided for advisory opinions, the law was declared constitutional.

Portions of the holdings in Kariher have been specifically overruled, such as the availability of declaratory judgment relief only as an extraordinary remedy: Friestad v. Travelers Indemnity Company, 452 Pa. 417, 306 A. 2d 295 (1973). Its application in today's constitutional climate may be questioned. It did not deal with the present statute and is, therefore, not directly controlling on the constitutionality of 42 Pa.C.S.A. §7531 et seq.

However, the opinion has never been overruled as it relates to advisory opinions. It is, in our opinion, still binding at the trial court level. The constitutional changes following the opinion have made no changes. The courts of common pleas are given unlimited jurisdiction "in all cases except as may otherwise be provided by law," by article 5, §5 of the Judicial Article of the Pennsylvania Constitution. There is some authority that ":case" has the same meaning as an "actual controversy" in the Federal Declaratory Judgment Act of June 25, 1948, 62 Stat. 964, as amended, 28 U.S.C.A. §2201: Cutaiar v. Marshall, 590 F. 2d 523 (3d Cir. 1978). Thus, there is some persuasion to the argument that a controversy is required, whether or not the legislature expressly so provides.

We do not decide this issue, however, but rather base our decision on Kariher's Petition (No. 1) as it applies to statutory construction. The present Uniform Act makes no change in the provision that the decision rendered under the act "shall have the force and effect of a final judgment or decree."

The Supreme Court in defining "judgment" excluded an advisory opinion from its definition. The court said that an advisory opinion "is merely a giving of advice; it is not binding [citations omitted], while a declaratory judgment is a final judgment (section I of the act) and constitutes res judicata." Kariher's Petition (No. 1), supra, p. 467.

We have thus concluded that declaratory judgment relief is not available to petitioner despite significant legislative changes in the act. We do so because we feel Kariher's Petition (No. 1) is binding and that until an appellate court rules otherwise we must follow its rationale.

There is an additional reason that the petition must be dismissed. The Uniform Act, in §7537, pro-

vided that the court may refuse to enter a declaratory judgment or decree if it would not terminate the uncertainty or controversy giving rise to the proceeding. Petitioner has asked only for an interpretation of the restriction prohibiting rights of way. There are other restrictions which may be pertinent. For example, one condition limits the use of the premises to residential use. Another limits the type of structure that may be placed on the premises. Both or each may be the topic of future uncertainty: Crayder v. Seidman, 87 D. & C. 118 (1953); Beyt v. Woodvale Place Apartments, 297 So. 2d 448 (3d Cir. La.), cert. denied, 300 So. 2d 840 (1974); Austin v. Durbin, 160 In. Ap. 180, 310 N.E. 2d 893 (1st D. Indiana 1974).

For the reasons set forth in this opinion, the attached order will be entered.

## ORDER

And now, November 15, 1979, petitioner's petition for declaratory judgment is dismissed.