Tripps Park Civic Association and C. Gene Molino, Chairman, Petitioners *v.* Pennsylvania Public Utility Commission, Respondent.

318

Argued February 6, 1980, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, BLATT, CRAIG and MACPHAIL. Judges ROGERS and WILLIAMS, JR. did not participate.

*Philip McClelland,* Assistant Consumer Advocate, with him *David M. Barasch,* Assistant Consumer Advocate, *David A. Ody,* Assistant Consumer Advocate, *David L. Kurtz,* Assistant Consumer Advocate, *Mark P. Widoff,* Consumer Advocate and *Walter W. Cohen,* Consumer Advocate, for petitioner.

*Gilbert L. Hamberg,* Assistant Counsel, with him *Steven A. McClaren,* Deputy Chief Counsel and *George M. Kashi,* Chief Counsel, for respondent.

D. *Mark Thomas,* with him *Patricia Armstrong* and *Charles E. Thomas, Thomas & Thomas,* for Pennsylvania Gas and Water Company.

OPINION BY JUDGE CRUMLISH, JR., June 24, 1980:

This petition for review from an amended prior rate order of the Public Utility Commission (PUC) was filed by Tripps Park Civic Association, C. Gene Molino, Chairman, (Tripps Park). The PUC and Pennsylvania Gas and Water Company—Gas Division (PG&W) moved to quash. We deny these motions and affirm the PUC's order on the merits.

Historically: In November 1975, PG&W filed tariff supplements with the PUC proposing a two-step rate increase. It allowed the first step of the increase, but suspended application of the second step and instituted an investigation at R.I.D. 296. Six complaints filed against the tariff supplements, including the complaint of Tripps Park, were consolidated for investigation. During its pendency, the PUC designated the first step of the two-step increase as temporary rates. By order entered May 11, 1978, the PUC granted PG&W a rate increase which in effect generated operating revenues lower than those which it had been collecting under the temporary rates, and directed PG&W to file such plans for recoupment or refund as compliance with the order would necessitate.

On June 12, 1978, PG&W came to this Court with a petition for review of that May 11, 1978 order.

On July 31, 1978, PG&W filed with the PUC, with appropriate service on Tripps Park and on all other participants at R.I.D. 296, a "Petition for Resolution of Proceedings" wherein PG&W offered to withdraw its petition for review of the May 11, 1978 order if the PUC would enter a second order removing PG&W's need to make recoupments and refunds. Neither

Tripps Park nor any of the other participants to the proceeding at R.I.D. 296 opposed that petition. By order adopted August 24, 1978 and entered October 2, 1978, the PUC granted that petition and amended the May 11, 1978 order, eliminating the directive to file plans for recoupments or refunds, if PG&W withdrew its petition for review in this Court. On October 11, 1978, PG&W complied and Tripps Park[1] filed the petition for review now before us.

We turn first to the PUC and PG&W motions to quash wherein they contend that Tripps Park lacks standing as a party aggrieved by the October 2, 1978 order and that Tripps Park waived its right to appeal by failing to raise its arguments below.

In challenging Tripps Park's standing to appeal, the PUC and PG&W argue (1) that Tripps Park appeared in the proceeding below as an association only, and that as such it does not have standing to assert on appeal rights held individually by its members, (2) that neither Tripps Park nor its members have a cognizable interest because the record in the proceeding below fails to identify the Tripps Park members or establish that the association or any of its members are PG&W customers, and (3) that in no event is Tripps Park or its membership aggrieved by the October 2, 1978 order.

First, as to Tripps Park's standing as an association, we follow our own recent pronouncement in *Concerned Taxpayers v. Commonwealth,* 33 Pa. Commonwealth Ct. 518, 524-25, 382 A.2d 490, 493 (1978), wherein the late President Judge Bowman, in ruling on the Commonwealth's preliminary objection that a nonprofit corporation of "concerned taxpayers" had no right to bring a taxpayer's suit in its own behalf, concluded that even in the absence of injury to itself, an

---

[1] The Office of the Consumer Advocate is counsel of record for Tripps Park on appeal.

association may have standing solely as the representative of its members. Thus, we recognize that Tripps Park has representational standing to assert the rights of its individual members.

The second challenge is that neither the association nor any of its members established PG&W customer status on the record below. We are satisfied from our careful review of the record testimony of witnesses for Tripps Park that the contested customer status, though never formally and explicitly stated, may nevertheless reasonably be inferred.[2]

The final challenge to Tripps Park's standing is that under no interpretation of the October 2, 1978 order is Tripps Park aggrieved, since, assuming that the members of Tripps Park are PG&W customers, they form part of the Scranton Gas Rate Area set forth as a recoupment area in PG&W's "Petition for Resolution of Proceedings." This is at best speculative, based upon the assumption that PG&W would have submitted and that the PUC would have approved one of two alternative refund and recoupment plans then under consideration.[3]

The requisite interest a party must demonstrate to appeal is prescribed by Pa. R.A.P. 501:

---

[2] In the proceeding before the PUC, Tripps Park was not represented by counsel, and neither the Administrative Law Judge, nor counsel for PG&W, nor counsel for the PUC, made an attempt to establish on the record whether or not Tripps Park members were in fact PG&W customers. However, unrebutted record statements from C. Gene Molino, Chairman of Tripps Park Civic Association, to the effect that "[w]hat is involved here is our money" and "[w]e have the evidence we need to beat this" satisfy us that Tripps Park is an association of PG&W customers.

[3] PG&W referred to two alternative plans in its "Petition for Resolution of Proceedings": by the terms of Alternative 1, Tripps Park members would have been entitled to refunds; by terms of Alternative 2, Tripps Park members would have been liable for recoupments.

Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order . . . may appeal therefrom.

The requirements of "aggrievement" are that a party have a direct interest in an immediate consequence of the judgment from which an appeal is taken. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975); *Pennsylvania Petroleum Association v. Pennsylvania Power & Light Co.*, 32 Pa. Commonwealth Ct. 19, 377 A.2d 1270 (1977). With this standard here asserted by Tripps Park, and considering the challenges of the PUC and PG&W, we conclude that Tripps Park indeed has standing.

The PUC and PG&W also move to quash on the secondary ground that the petition raises matters not addressed to the PUC. In essence, they contend Tripps Park waived its opportunity to attack the procedural and substantive propriety of the settlement sought by PG&W when it failed to file an answer to, or to request a hearing on, PG&W's "Petition for Resolution of Proceedings." We are not unmindful of the general rule that matters which have not been raised below will not be considered by an appellate court on appeal, *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974); *Richland Township v. Hellerman*, 30 Pa. Commonwealth Ct. 438, 373 A.2d 1367 (1977), but we deny these motions to quash because of the arguably uncertain legal status of the procedural device, *i.e.*, a "Petition for Resolution of Proceedings," of PG&W acquiesced in by the PUC in attempting to settle the proceeding at R.I.D. 296.

As to the merits: Tripps Park alleges that the October 2, 1978 order is (1) violative of Section 703 (g) of the Public Utility Code (Code), 66 Pa. C.S. §703(g), and of Tripps Park's due process rights in that the PUC adopted it without giving notice and opportunity to be heard; and (2) violative of Pa. R.A.P.

1701(a), (b), in that it constitutes a modification of an order after appellate review of that order had been sought.[4]

Although PG&W's "Petition for Resolution of Proceedings" is a novel title for a pleading and is not recognized by the Code or by the PUC's regulations, we must conclude that it was essentially a petition seeking modification of the PUC's May 11, 1978 order through settlement. It was admittedly served on Tripps Park on July 31, 1978. Having thus had notice that further action at R.I.D. 296 was being sought by PG&W, it failed to act. On August 24, 1978, the PUC adopted the order (entered October 2, 1978) approving PG&W's settlement. Under the provisions of the Code, and the PUC's regulations governing practice and procedure, 52 Pa. Code §§3.1-3.551, Tripps Park had adequate notice of the impending action.

Section 703(g) of the Code, 66 Pa. C.S. §703(g), provides, in pertinent part:

> Recission and amendment of orders.—The commission may, at any time, after notice and opportunity to be heard as provided in this chapter, rescind or amend any order made by it.

The procedure to be followed where, as here, a private litigant seeks to invoke the PUC's authority to rescind or amend an order, is found at 52 Pa. Code §3.291:

> §3.291. Petitions for rehearing, recission, modification after decision, supersedeas.

---

[4] Tripps Park raises the additional argument that the PUC's order was not supported by substantial evidence. Because we find on the merits that Tripps Park had adequate notice and opportunity to be heard and that the PUC did not violate Pa. R.A.P. 1701 in entering its October 2, 1978 order, we need not reach this issue.

(a) Any petitions for rehearing, reargument, recission, or modification after decision . . . shall be in writing. . . .

(b) A copy of every petition covered by subsection (a) of this section shall be served upon each party to the proceeding. Proof of such service shall be attached to the petition. . . .

(c) Answers to any petition covered by the provisions of subsection (a) of this section shall be filed with the Commission and served upon the petitioner *within ten days after service of the petition.* Proof of such service shall be attached to the answer. (Emphasis added.)

The uncontested facts disclose that PG&W followed this prescribed procedure and that Tripps Park failed to do so. The PUC thereafter initiated discussion with PG&W, and on August 24, 1978, fourteen days *after* the close of the ten day period in which Tripps Park could have responded, adopted an order approving PG&W's settlement and modifying the May 11, 1978 order to that effect, contingent upon PG&W withdrawal of its appeal to this Court. That Tripps Park had actual notice of PG&W's proposed settlement and an opportunity to respond distinguishes this case from *Westinghouse Electric Corp. v. Pennsylvania Public Utility Commission,* 44 Pa. Commonwealth Ct. 407, 404 A.2d 712 (1979), wherein we held that Westinghouse, as a complainant against Bell Telephone's tariff filing, was entitled to notice and an opportunity to respond to Bell's proposals for allocating additional revenues approved after the entry of the final rate order among the various classes of customers. Here, Tripps Park had its opportunity and failed to use it.

As to Tripps Park's second argument that Pa. R.A.P. 1701(a), (b) deprived the PUC of power to

modify its May 11, 1978 order subsequent to the filing of PG&W's petition for review, we find that the PUC acted in accordance with the provisions of Pa. R.A.P. 1701. As applied to the determination of government agencies, that rule precludes, with certain exceptions, further action on a particular matter after filing for appellate review. PG&W filed its petition for review on June 12, 1978, and the PUC entered an order modifying its May 11, 1978 order on October 2, 1978. The modification embodied in the October 2 order, however, was made expressly contingent upon the withdrawal by PG&W of its appeal. Therefore, the PUC's modified order did not become effective until after PG&W withdrew its appeal, and the prohibitions of Pa. R.A.P. 1701 were thus avoided.

Accordingly, we

ORDER

Now, June 24, 1980, the order of the Pennsylvania Public Utility Commission at R.I.D. 296, entered October 2, 1978, is hereby affirmed.

President Judge BOWMAN did not participate in the decision in this case.