## Davies Used Auto Parts v. Mt. Joy Township

468

*Kenneth Lee Rotz,* for plaintiffs.
*Samuel E. Teeter,* for defendant.

SPICER, *P.J.,* April 20, 1981—Plaintiffs are a corporation (hereinafter called Davies) and an unincorporated association which sues, pursuant to Pa.R.C.P. 2152, through trustees ad litem. We will refer to the association, for sake of brevity, as The Citizens Group.

Mt. Joy Township, a second class township within Adams County, adopted an ordinance in which it seeks to license and regulate businesses or activities we refer to as junkyards. Davies has alleged that it conducts a business subject to the provisions of the ordinance. The Citizens Group alleges the following: "8. Plaintiff, Mt. Joy Township Concerned Citizens Group, has as its members persons aggreived (sic) by the aforesaid adoption of said Ordinance."

Both plaintiffs seek to have the ordinance declared invalid under the Declaratory Judgments Act, 42 Pa.C.S.A. §7531. Generally, they say the ordinance is too vague; it is not reasonably related to the danger or harm sought to be regulated or to the health, safety, and morals of the citizens of the township; it charges excessive license fees and attempts to regulate that which it cannot regulate. The last basis for attack is advanced for two assertions: first, that such regulations must be adopted

by zoning ordinances or not at all and second, because the field of regulation has been preempted by the Commonwealth.

The township has filed preliminary objections in which it challenges the jurisdiction of this court to enter a declaratory judgment. It further seeks a more specific complaint as to allegations that the ordinance is vague and not reasonably related to the danger or harm to be regulated and to the health, safety, and morals of Mt. Joy's citizens.

We overrule the motion for a more specific complaint at once. As we read the allegations subject to this motion, they are legal conclusions based upon the contents of the ordinance. We do not really know how to require plaintiffs to be more specific about how vague the ordinance is, nor do we understand why we should require plaintiffs to go through the ordinance phrase by phrase to plead how it is not related to the welfare of the township's citizens or why it fails to properly regulate junkyards. These are all legal issues which are not appropriate for disposition at this stage of the proceedings. This analysis also applies to defendant's motion to strike for alleged failure to comply with Pa.R.C.P. 1019.

Perhaps closely related, however, is the question of the standing of either plaintiff to maintain this action. The township also contends that it is impossible to determine from the complaint how the ordinance can be applied to either plaintiff. The township contends that the validity of the ordinance should not be determined in a vacuum. Especially in regard to The Citizens Group, this is an issue that could properly be classified as either an attack on jurisdiction or as a request for more specific pleading. However, we will determine the issues as strictly jurisdictional even though the result may not differ from ruling on a motion for specificity.

We first must determine the appropriate standard by which standing is to be determined. The Second Class Township Code of May 1, 1933, P.L. 103, as amended, 53 P.S. §65741, requires that a person be "aggrieved" in order to "make complaint as to the legality of such ordinance or resolution to the court." To be aggrieved, a person must have a substantial, direct, immediate, and pecuniary interest in the subject matter of the litigation: Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, 464 Pa. 168, 346 A. 2d 269 (1975).

Perhaps the standard established by the Declaratory Judgment Act, supra, is not remarkably different but its wording suggests an easier burden. Under the act, the question is whether plaintiffs have rights, status or other legal relations affected by the ordinance which the court can determine. It is necessary there be presently existing rights to be adjudicated so that uncertainty and insecurity with respect to those rights can be adjudicated: Northampton Builders' Association v. Northampton Bucks County Municipal Authority, 27 Pa. Commonwealth Ct. 401, 367 A. 2d 800 (1976). If these rights exist, the validity of a statute may be determined: Singer v. Sheppard, 33 Pa. Commonwealth Ct. 276, 381 A. 2d 1007 (1978).

The legislature has mandated that the provisions of the Declaratory Judgments Act shall be liberally construed and the relief provided shall be in addition to other available relief. We, therefore, conclude that the standards applicable to the act pertain to this case.

In considering the standing of The Citizens Group, first, for convenience, we note that the allegations of complaint Paragraph 8 are the only ones pertinent to our consideration. The allegations may

be construed to mean that all of the members of The Citizens Group are aggrieved or that some of them are. Obviously, the allegations do not specify how such members are aggrieved.

Courts have discussed standing in equity cases and in declaratory judgment cases as though the two actions have much in common. As we will discuss later, this may not always be true. Nonetheless, as an example, in an action for declaratory judgment by an unincorporated association, the Commonwealth Court said the following in Delaware Valley Apartment House Owners' Association v. Com., 36 Pa. Commonwealth Ct. 615, 618, 389 A. 2d 234, 236 (1978):

"This Court has recently held in Concerned Taxpayers of Allegheny County v. Commonwealth, 33 Pa. Commonwealth Ct. 518, 525, 382 A. 2d 490, 493-94 (1978), that a nonprofit corporation may gain standing to bring an action in equity challenging the constitutionality of a statute by asserting the interests of its members provided that the members' interests in themselves are sufficient to bring the action and that their interest is sufficiently pleaded."

This court concludes that The Citizens Group may have standing only if all its members have existing rights that can be adjudicated. The complaint fails to allege this sufficiently. Therefore, the complaint must be dismissed. However, The Citizens Group must be given an opportunity to amend: Wm. Penn Parking Garage, Inc. v. Pittsburgh, supra.

Turning our attention to the issue of Davies' standing, we repeat that many of the cases on standing involve suits in equity. Many have been

decided on issues of irreparable injury and adequacy of a legal remedy. Those concepts are not pertinent to our consideration. Still, the cases are helpful.

The Supreme Court extensively reviewed prior opinions in Knup v. Philadelphia, 386 Pa. 350, 126 A. 2d 399 (1956). It becomes apparent that three factors are relevant in considering the propriety of an attack on the validity of legislation. These are (1) the remedies and procedures provided by other legislation, (2) the remedies and procedures provided by the legislation under attack, and (3) whether administrative machinery mandated by the legislation has been placed in operation.

Thus, the court cited Castle Shannon Coal Corporation v. Upper St. Clair Township, 370 Pa. 211, 88 A. 2d 56 (1952), for the holding that declaratory relief was not available to determine the validity of a zoning ordinance "in the face of an act providing specific remedies and procedure for testing the validity of zoning ordinances."

The court also noted that at least two cases had held equitable relief to be available when ordinances had been so recently enacted that administrative machinery under the ordinance had not then been established: Fierst v. William Penn Memorial Corporation, 311 Pa. 263, 166 Atl. 761 (1933); Kline v. Harrisburg, 362 Pa. 438, 68 A. 2d 182 (1949).

The ordinance in question was enacted under the provisions of The Second Class Township Code, supra. Neither the ordinance nor the code have specific provisions for contesting the validity of ordinances other than that previously cited. Defendant has represented that this action was taken 29 days after the enactment of the ordinance.

We are of the opinion that the legislature has made obsolete the holdings in many cases in this area. Even assuming, however, they are still valid precedents and authorities, the analysis of Knup v. Philadelphia, supra, would suggest that Davies may challenge the validity of this ordinance.

Davies has alleged it is in the business covered by the ordinance and the ordinance, by its provisions, applies to businesses in existence.

Therefore, the attached order will be entered.

## ORDER

And now, April 20, 1981, the complaint by Mt. Joy Concerned Citizens Group shall be dismissed unless it files either an amended complaint or an amendment to the complaint relevant to the issue of standing within 20 days of today's date. Otherwise, all preliminary objections are dismissed.

Defendant shall have 20 days from today's date in which to file an answer to the complaint filed by Davies Used Auto Parts.