John Perseo, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Submitted on briefs November 20, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Charles M. Golden,* with him *Sharlyn B. Cohen, Barsky, Golden & Remick, P.C.,* for petitioner.

*Andrew H. Cline,* Assistant Counsel, with him *Alexander V. Sarcione,* Assistant Chief Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., December 31, 1981:

Petitioner John Perseo filed a Petition for Review under the original jurisdiction of this Court, praying that we declare defective certain bidding notices and procedures utilized by the respondent, Commonwealth of Pennsylvania, Department of Transportation (PennDOT). To that petition, PennDOT filed preliminary objections, contending that the petitioner lacks the capacity to bring this action, since he did not allege that he is a Pennsylvania taxpayer. We find merit in that contention, and dismiss the Petition.

In disposing of preliminary objections, the Court accepts as true all well-pleaded facts and all inferences which may reasonably be deduced therefrom. *Department of Transportation v. Pennsylvania Power and Light Co.,* 34 Pa. Commonwealth Ct. 594, 383 A.2d 1314 (1978). In his Petition, Perseo avers that he is a resident of Florida, as well as the president of a corporation which manages a parking lot in Philadelphia. In response to an advertisement in the May 31 Philadelphia Bulletin, he requested, by letter of June 2, that copies of bid forms and specifications be sent to him in Florida, to enable him to bid on certain parking lots which were the subject of the advertising notice.

When he failed to receive the documents by June 11, he called PennDOT, and was informed that it had been necessary to pick the forms up at the specified office.

On June 12, petitioner filed this suit alleging that he was not afforded adequate time in which to submit a bid, and that the alleged inadequacy precluded him from being considered for the award of the contracts. PennDOT's preliminary objections thereto are presently before us for consideration. In directing its argument to this Court, PennDOT has waived all objections previously pleaded, with the exception of the standing issue, upon which it rests.

PennDOT contends that standing to object to the award of a public contract can be asserted only by one who is a Pennsylvania taxpayer.[1] As this Court stated in *Concerned Taxpayers of Allegheny County v. Commonwealth,* 33 Pa. Commonwealth Ct. 518, 523, 382 A.2d 490, 493 (1978):

> It is a well-settled rule in this Commonwealth that 'a taxpayer may seek to enjoin the wrongful or unlawful expenditure of public funds even though he is unable to establish any injury other than to his interest as a taxpayer.' ... This, of course, does not obviate the necessity of alleging some injury in fact to that interest. (Citations omitted.)

Not having alleged the said interest, petitioner has not, and indeed cannot, contend that it has been injured by the action of PennDOT.

---

[1] Petitioner avers in an affidavit in support of his Motion for Preliminary Injunction that he pays real estate taxes on a house which he and his ex-wife own in Philadelphia. We note that, for the purpose of ruling on preliminary objections, we examine only the pleading against which they are filed. Further, however, we point out that real estate taxes are a local tax levied by the municipality in which the real estate is located, for use in that political subdivision. An allegation of misuse of state funds is not relevant to the status of local taxpayer in this context.

ORDER

AND Now, this 31st day of December, 1981, respondent's preliminary objections are sustained, and the above-captioned petition is hereby dismissed.