Concerned Citizens of Schuylkill County, Inc., Appellants *v.* Schuylkill County et al., Appellees.

Argued September 15, 1983, before Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Michael T. Hudock,* for appellants.

*Martin J. Cerullo,* with him *Frederick H. Hobbs* and *Charles L. Frank,* for appellees.

OPINION BY JUDGE CRAIG, October 14, 1983:

This appeal involves an action which attacks the legality of the Schuylkill County Tax Claim Bureau's leasing of several properties acquired by the county at delinquent tax sale, to private lessees. Also questioned is the sale of one such property. The Court of Common Pleas of Schuylkill County sustained the county's demurrers to the amended complaint filed by appellant Concerned Citizens of Schuylkill County, Inc., and hence dismissed the action without reaching additional preliminary objections which questioned the standing of that nonprofit corporation.

This court has the threshold question of whether the pleadings establish standing on the part of the appellant corporation to represent its taxpayer members in a taxpayers' action questioning the legality of the county's handling and disposition of delinquent tax

property entrusted to it. If legal standing exists, then we must decide if the amended complaint sufficiently pleads, in connection with the leases and sale, violations of the requirements of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, sections 101-703, *as amended,* 72 P.S. §§5860.101-5860.703.

### Standing

The county has preserved the standing issue, even though the trial court did not reach it. In *Concerned Taxpayers of Allegheny County v. Pennsylvania,* 33 Pa. Commonwealth Ct. 518, 382 A.2d 490 (1978), this court considered the question of the standing of a nonprofit corporation as the sole plaintiff in a taxpayers' action. After holding that the corporation itself had no taxpayer status to give it standing as such, the opinion by the late President Judge BOWMAN proceeded to state the principle directly applicable here, as follows:

> Although an association or, in this case, a nonprofit corporation, may assert the interests of its members, and taxpayers may challenge alleged unlawful expenditures, the requirements of a direct, immediate, and substantial injury remain. This requires allegation of direct injury *to the taxpayer status,* caused by the challenged action, resulting in some substantial pecuniary detriment. (Emphasis in the original.)

33 Pa. Commonwealth Ct. at 525, 382 A.2d at 493-94.

Unlike the allegations in that case, which failed to mention any injury to the individual taxpayers, the amended complaint here contains a sufficient allegation of injury to the taxpayers represented, by averring that

> the actions of the defendant . . . have caused financial injuries to the members of the Concerned Citizens of Schuylkill County, Inc. be-

cause said actions have resulted in a loss of current tax revenues to Schuylkill County and the various taxing districts in which the properties subject to the above-mentioned leases are situate. (Amended Complaint para. 14.) Therefore, we conclude that the pleadings allege a sufficient basis to give the corporation standing on behalf of its taxpayer members.

### Leases—Compliance with the Statute

The amended complaint avers that the Bureau entered into leases for sixteen properties which had been put up for sale pursuant to the Law. It also avers that the county bureau acquired the involved properties after the January 1, 1948 effective date of the Law so that the authority to make private leases under sections 701 and 702 of the Law, 72 P.S. §§5860.701, 5860.702, relating only to properties acquired before the Law's effective date, could not be applicable.

In addition to averring the absence of authority to make private leases under any other sections of the Law, the amended complaint avers failure of the county to proceed with a court-approved sale under section 610, 72 P.S. §5860.610, or under section 616, 72 P.S. §5860.616, or to proceed with a private sale under section 613, 72 P.S. §5860.613.

On the question of law thus posed, the county relies upon Article VII of the Law as at least one source of authority to lease. Section 702, 72 P.S. §5860.702, referring to property turned over to the county "as provided in the preceding section [section 701]", expressly authorizes the bureau to "manage and control the property for the trustee county with power, (a) to lease the property for a period not exceeding one (1) year with the usual privilege of renewal," including mineral leasing, as well as additional powers to operate and modify the property and sell it at private

sale. However, the preceding section 701, 72 P.S. §5860.701, clearly confines the coverage of Article VII to "[w]here the county commissioners, any taxing district or trustee . . . have, *prior to the effective date of this Act* . . . acquired any property at a tax sale. . . ." (Emphasis added.) The Pennsylvania Supreme Court has confirmed that Article VII of the Law is thus limited; *Tremont Township School District Appeal,* 366 Pa. 404, 77 A.2d 403 (1961), states that the provisions of Article VI should not be confused with those of Article VII, adding:

> The latter, as its stated caption indicates, has to do expressly with "Property Purchased by Taxing District Prior to this Act," i.e., prior to January 1, 1948. . . .

366 Pa. at 410, 77 A.2d at 406. That case, like the present one, involved the Tax Claim Bureau of Schuylkill County.

Turning from Article VII to Article VI, and particularly to section 612-1, 72 P.S. §5860.612-1, on which the county places reliance, we find no authorization to lease for private purposes any property acquired after the effective date of the Real Estate Tax Sale Law. The only mention of leasing in section 612-1, as last amended, is the passage which reads:

> Any property purchased at such sale by the county may thereafter by the county commissioners be (1) leased to any taxing district to be used for public purposes; (2) used for any suitable public purpose by the county; (3) sold in the same manner as any other real property owned in fee simple by the county; or (4) sold upon petition to the court of common pleas. . . .

With no applicable statutory authority to make private leases pending resale appearing in the statute, and without any indication from the county of any judicial decisions filling that void, the conclusion must

be that the averments as to leasing are sufficient to withstand the demurrers.

### Sale—Compliance with Statute

Concerning the one sale of tax delinquent property claimed to be invalid, the only averment is that

Schuylkill County Tax Claim Bureau sold a certain tract of land [deed identification] without complying with the provisions of the real estate tax sale law set forth in the proceeding (sic) paragraphs of this complaint. (Amended Complaint, para. 12.)

That averment fails to specify any basis for a cause of action concerning the sale, unlike the averments concerning the leases, which at least laid the attack specifically upon the absence of statutory power to lease properties acquired after 1947. Because the Law certainly gives the county power to sell pursuant to specified procedures, this very general averment, that the sale was made "without complying" with a number of previously-cited provisions of law, is so conclusory that it fails to specify a cause of action or enable the county to defend. In our fact-pleading system, such a reference to several multifaceted provisions of law, without more, is meaningless. Neither the court nor the opposing party should be required to guess at what action or omission constituted the breach.

Because the appellant Concerned Citizens, by filing the Amended Complaint, has already pursued one attempt to plead more specifically, with the result described, the demurrer should be sustained as to the attack on the sale.

This court's order will modify the trial court's order accordingly.

### ORDER

Now, October 14, 1983, the order of the Court of Common Pleas of Schuylkill County dated October 4,

1982 is modified by affirming that order insofar as it sustains preliminary objection No. 3, the demurrer, with respect to para. 12 of the Amended Complaint and para. 4 in the claim for relief; otherwise, the order is reversed and the case is remanded for further proceedings.

Jurisdiction relinquished.